724 So.2d 146 (1998)
The STATE of Florida, Appellant,
v.
Steven FALK, Appellee.
No. 97-1227.
District Court of Appeal of Florida, Third District.
December 9, 1998.
Rehearing Denied February 10, 1999.
*147 Robert A. Butterworth, Attorney General, and Michael J. Neimand, Assistant Attorney General, for Appellant.
Alan E. Weinstein, Miami Beach, for Appellee.
Before JORGENSON, LEVY, and GREEN, JJ.
PER CURIAM.
In October of 1996, attorney Steven Falk ("the defendant") was charged by Information with unlawfully "solicit[ing] business relating to the representation of persons injured in a motor vehicle accident for the purpose of filing a motor vehicle tort claim or a claim for personal injury protection benefits... in violation of s.817.234(9)." The language of the Information parallels that found in the statutory subsection.[1] The defendant filed a motion to dismiss, contending that the statute violated the Equal Protection Clause. Thereafter, the defendant filed a supplemental motion to dismiss, contending that the statute infringed upon his rights under the First Amendment. The trial court granted both motions and this appeal ensued.

I. FIRST AMENDMENT CHALLENGE
The United States Supreme Court has made it clear that the term "solicitation" encompasses both "in person" solicitation as well as various forms of advertising (which would include both writing letters and placing advertising in the general media). See Shapero v. Kentucky Bar Ass'n, 486 U.S. 466, 475-76, 108 S.Ct. 1916, 100 L.Ed.2d 475 (1988).[2] Furthermore, the United States Supreme Court has held that a State may completely prohibit "in person" solicitation by an attorney without running afoul of the First Amendment. See Ohralik v. Ohio State Bar Ass'n, 436 U.S. 447, 98 S.Ct. 1912, 56 L.Ed.2d 444 (1978).
It is undisputed in this case that the activities sought to be prohibited, by the statutory language in question, involve "commercial" speech. Since the constitutionality of a statute limiting commercial speech must be examined through the implementation of an "as applied" test, it becomes imperative for the *148 Court making such an analysis to know specifically what acts or activities of an alleged offender are alleged to have been committed.
Unfortunately, for both the trial court and this Court, the Information filed by the State in this case fails to specify, with particularity, what act or acts of the defendant are alleged to have violated the statute in question, thereby making it impossible for any court implementing an "as applied" test in connection with the State's efforts to apply the statutory language in question to the defendant herein.
Notwithstanding the foregoing, the trial court found that section 817.234(9), Florida Statutes (1995), violated the defendant's right to free speech. Since the trial court acted without sufficient facts having been alleged by the State, it was error for the trial court to have granted the defendant's motion to dismiss to the extent that the said motion was predicated on an alleged violation of the freedom of speech protections afforded to the defendant by the First Amendment to the United States Constitution.

II. EQUAL PROTECTION CHALLENGE
On the issue of whether section 817.234(9) violates the Equal Protection clauses of the Fourteenth Amendment to the U.S. Constitution or Article I, Section 2 of the Florida Constitution, we hold that it does not. A classification distinguishing between attorneys who solicit motor vehicle accidents compared with attorneys who solicit other personal injury claims is "rationally related" to the law's objective, the deterrence of motor vehicle insurance fraud.
Under "rational basis" review, we must uphold a classification if it rationally serves an objective which the legislature might have had. See e.g. United States R.R. Retirement Bd. v. Fritz, 449 U.S. 166, 179, 101 S.Ct. 453, 66 L.Ed.2d 368 (1980) (stating that where there were "plausible reasons" for the congressional statute, it was "constitutionally irrelevant whether this reasoning in fact underlay the legislative decision ..."); Lindsley v. Natural Carbonic Gas Co., 220 U.S. 61, 78-79, 31 S.Ct. 337, 55 L.Ed. 369 (1911) (noting that "if any state of facts reasonably can be conceived that would sustain [the classification], the existence of that state of facts at the time that the law was enacted must be assumed.").
The judicial deference which must be given to the legislature under "rational basis" review is illustrated by case law. For instance, in Railway Express Agency, Inc. v. New York, 336 U.S. 106, 69 S.Ct. 463, 93 L.Ed. 533 (1949), the Court upheld an ordinance on Equal Protection grounds which banned advertising on trucks, but exempted those trucks advertising their own products. The Court stated that the law was designed to promote public safety and that the city "may well have concluded" that those advertising their own products would not present the same traffic problem. Id. at 110, 69 S.Ct. 463. See also Minnesota v. Clover Leaf Creamery Co., 449 U.S. 456, 101 S.Ct. 715, 66 L.Ed.2d 659 (1981) (holding that a State ban on nonreturnable milk containers while permitting the use of other nonreturnable containers did not offend the Equal Protection clause, since the legislature might have determined that even a limited ban would promote greater use of environmentally desirable alternative containers); New Orleans v. Dukes, 427 U.S. 297, 96 S.Ct. 2513, 49 L.Ed.2d 511 (1976) (sustaining against an Equal Protection challenge a grandfather clause which exempted two New Orleans vendors from a general ban on pushcart vending, where the city could have rationally concluded that the exempted vendors had become part of the charm of the French Quarter); LeBlanc v. State, 382 So.2d 299 (Fla.1980) (upholding a statute that treated domestic violence between spouses differently than that between other family members, since the statute applied equally to the members of the statutory class, and bore a reasonable relation to a legitimate State interest).
In the instant dispute, the legislature differentiates between those who engage in solicitation relating to a motor vehicle accident from all other personal injury solicitation. Such a distinction is rational under the Equal Protection clause. We note that section 817.234 is titled "False and fraudulent insurance claims." The legislature may have concluded that the likelihood of insurance fraud is greater with motor vehicles accidents. *149 This might be particularly true where the State requires all motor vehicle owners to carry personal injury protection insurance and many motor vehicle owners also carry liability and uninsured motorist coverage.
To summarize, we hold that section 817.234(9) is constitutional under the Equal Protection Clause of the Fourteenth Amendment and under Article I, Section 2 of the Florida Constitution, since a rational basis exists for the disparate treatment of those who solicit motor vehicle claims. Accordingly, the Order of Dismissal relating to the Equal Protection challenge is reversed.
We further hold that the trial court was in error in granting the defendant's motion to dismiss predicated upon a finding that section 817.234(9) is unconstitutional on First Amendment grounds, since the record, including the Information filed by the State, is insufficient to support such a finding.
Accordingly, the trial court's Order dismissing the case against the defendant on free speech grounds is reversed with directions to the trial court to allow the State to amend the Information to specify, with particularity, what act or acts of the defendant are alleged to have violated the statute in question. Thereafter, the defendant should be allowed to either renew or amend his motion to dismiss relating to the free speech argument.
Reversed and remanded with directions.
NOTES
[1] In relevant part, section 817.234(9), Florida Statutes (1995) provides: "It is unlawful for any attorney to solicit any business relating to the representation of persons injured in a motor vehicle accident for the purpose of filing a motor vehicle tort claim or a claim for personal injury protection benefits.... The solicitation by advertising of any business by an attorney relating to the representation of a person injured in a specific motor vehicle accident is prohibited by this section. Any attorney who violates the provisions of this subsection commits a felony of the third degree.... This section shall not be interpreted to prohibit advertising by attorneys which does not entail a solicitation as described in this subsection and which is permitted by the rules regulating The Florida Bar as promulgated by the Florida Supreme Court."
[2] This decision uses the term "solicitation" and "advertising" interchangeably. In other words, the case indicates that advertising is incorporated within the naming of the term "solicitation" (which also means "in person" solicitation). Additionally, commercial speech has been defined by the U.S. Supreme Court as "speech which does no more than propose a commercial transaction' ". See Virginia State Board of Pharmacies v. Virginia Citizens Consumer Counsel, Inc., 425 U.S. 748, 762, 96 S.Ct. 1817, 48 L.Ed.2d 346 (1976) (quoting Pittsburgh Press Co. v. Pittsburgh Commission on Human Relations, 413 U.S. 376, 385, 93 S.Ct. 2553, 37 L.Ed.2d 669 (1973)).