731 So.2d 126 (1999)
Daniel BARR and Renny Mitchell Edelson, Appellants,
v.
STATE of Florida, Appellee.
Nos. 98-2087, 98-2088.
District Court of Appeal of Florida, Fourth District.
April 21, 1999.
*128 H. Dohn Williams, Jr., of H. Dohn Williams, Jr., P.A., Fort Lauderdale, for appellants.
Robert A. Butterworth, Attorney General, Tallahassee, and James J. Carney, Assistant Attorney General, West Palm Beach, for appellee.
POLEN, J.
Renny Edelson and Daniel Barr, both chiropractors, timely appeal from the denial of their motions to dismiss the state's information charging them with unlawful insurance solicitation in violation of section 817.234(8), Florida Statutes (1997). They pled no contest to the lesser offense of conspiracy to commit unlawful insurance solicitation, specifically reserving their right to appeal the alleged unconstitutionality of this statute. As set forth below, we hold the statute as applied to Edelson and Barr is constitutional and, thus, affirm.
This case stemmed from the business relationship between Edelson and Barr and Prebeck Consultants, Inc. ("Prebeck"), a business engaged in scheduling appointments for persons involved in motor vehicle accidents with chiropractors. After purchasing a motor vehicle accident report, Prebeck solicited a person listed on the report for the purpose of scheduling a free initial examination, and possible subsequent treatment if necessary, with Edelson and Barr. Edelson and Barr examined such person, determined treatment was necessary, and later billed that person's PIP benefits for the services they rendered.
The state then charged Edelson and Barr separately with unlawful insurance solicitation in violation of section 817.234(8). Edelson and Barr filed motions to dismiss, alleging that the statute was unconstitutionally vague and over-broad, and violative of equal protection. The court denied both motions. They then pled no contest to the lesser offense of conspiracy to commit unlawful insurance solicitation, reserving their right to appeal the above issue.

The overbreadth doctrine does not apply
Edelson and Barr first argue that section 817.234(8) is unconstitutionally overbroad because it unduly restricts their commercial speech. Section 817.234(8) provides,
It is unlawful for any person, in his or her individual capacity or in his or her capacity as a public or private employee, or for any firm, corporation, partnership, or association, to solicit any business in or about city receiving hospitals, city and county receiving hospitals, county hospitals, justice courts, or municipal courts; in any public institution; in any public place; upon any public street or highway; in or about private hospitals, sanitariums, or any private institution; or upon private property of any character whatsoever for the purpose of making motor vehicle tort claims or claims for personal injury protection benefits required by s. 627.736. Any person who violates the provisions of this subsection commits a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
§ 817.234(8), Fla. Stat. (1997). However, the overbreadth doctrine does not apply to commercial speech cases, as here. Central Hudson Gas & Elec. Corp. v. Public Service Comm'n of NY, 447 U.S. 557, 565 n. 8, 100 S.Ct. 2343, 65 L.Ed.2d 341 (1980) (citations omitted); see also Board of Trustees of the State Univ. of N.Y. v. Fox, 492 U.S. 469, 481, 109 S.Ct. 3028, 106 L.Ed.2d 388 (1989)(holding doctrine will not facially invalidate restrictions on commercial speech because such speech is "more hardy, less likely to be `chilled,' and not in need of surrogate litigators").

*129 The statute does not violate First Amendment protections

We do agree, however, with Edelson and Barr that commercial speech is entitled to some First Amendment protection. Bates v. State Bar of Arizona, 433 U.S. 350, 363, 97 S.Ct. 2691, 53 L.Ed.2d 810 (1977). As such, the Supreme Court has developed a four-part analysis to determine whether the governmental restriction on such speech violates First Amendment protections. First, the court must determine that the expression concerns lawful activity and is not misleading. Second, it must ask whether the asserted state interest behind the restriction is substantial. Third, it must determine whether the regulation directly advances the interest so asserted, and, fourth, whether the regulation is not more extensive than necessary to serve that interest. Central Hudson, 447 U.S. at 566, 100 S.Ct. 2343. The Court later clarified that this last prong does not require the least restrictive means available for achieving the state's interest, but rather, just a reasonable fit between the means and the ends. Florida Bar v. Went for It, Inc., 515 U.S. 618, 632, 115 S.Ct. 2371, 132 L.Ed.2d 541 (1995).
Here, the first prong of the Central Hudson test is satisfied, as the solicitation made by Edelson and Barr was unlawful only because it violated section 817.234(8), and not for any other reason. In addition, the record reflects that the state satisfied the second prong by proving that substantial state interests were involved. Specifically, in response to the motions to dismiss, the state filed a 1975 Dade County Grand Jury Report, which clarified that the statute was created in part to combat both insurance fraud and a resulting increase in insurance premiums borne ultimately by the public. This report also satisfied the third prong of the test by showing that subsection(8) directly advances the state's interest in preventing insurance fraud. As the report suggests, there was a serious problem in the industry of "runners" soliciting automobile accident victims with little or no injuries to undergo unnecessary medical treatment so that they could exhaust the victims' PIP benefits before the victims sued in tort for damages. From an objective standpoint, we believe the statute's prohibition against this type of solicitation provides a direct link to the state's interest in preventing harm to such victims and the insurance industry.
Finally, we hold the state satisfied the fourth prong of the test by demonstrating that subsection (8) is narrowly drawn. The statute is not a blanket ban on all solicitation of business by a chiropractor, but rather, targets only those persons who solicit business for the sole purpose of making motor vehicle tort or PIP benefits claims. Although not the least restrictive means available to achieve the state's purpose, we hold the ban on such solicitation is reasonably tailored to the state's interest in preventing insurance fraud and raised premiums.
Edelson and Barr's reliance on Edenfield v. Fane, 507 U.S. 761, 764, 113 S.Ct. 1792, 123 L.Ed.2d 543 (1993) and Innovative Database Systems v. Morales, 990 F.2d 217, 222 (5th Cir.1993), as support for their argument that the statute is not narrowly tailored, is misplaced. The statutes in those cases placed total bans on the professional solicitation at issue which were not sufficiently tailored in scope or purpose. In contrast, section 817.234(8), by limiting its purpose to the filing of motor vehicle tort or PIP benefits claims, is reasonably tailored to fit the state's interests in preventing insurance fraud and rising premiums.

The statute is not void for vagueness
Edelson and Barr next argue that section 817.234(8) is vague because it does not define "solicitation." We disagree and hold the term may be readily understood by reference to commonly accepted dictionary definitions. See Powell v. State, 508 So.2d 1307, 1310 (Fla. 1st DCA)(holding dictionary definitions may be used as *130 sources where statute does not define term in question) (citations omitted), rev. den., 518 So.2d 1277 (Fla.1987). In this regard, Black's Law Dictionary notes that "[t]he term implies personal petition and importunity addressed to a particular individual to do some particular thing." Black's Law Dictionary 1248-49 (5th ed. 1979). Similarly, the Board of Chiropractic, which governs Edelson's and Barr's profession, has defined "solicit" as contact or communication, oral or written, directed to a specific recipient. Fla. Admin. Code Ann. R. 64B2-15.002(2) (1997). Because these examples demonstrate that individuals of common intelligence know what "to solicit" means, we hold that the statute adequately advises persons of what conduct is proscribed. Because there is no evidence that the statute will lead to arbitrary enforcement, we hold it is not vague.

Substantive Due Process
Edelson and Barr then argue that enforcement of the statute against them violates their substantive due process rights because the restriction may be used to punish purely innocent activity. Again, we disagree. The statute does not prohibit a chiropractor from soliciting any prospective patient just because that chiropractor gets paid for his services by the patient's PIP insurance; it only prohibits the chiropractor from soliciting a prospective patient for the purpose of receiving payment from that patient's PIP insurance. Because there is a reasonable nexus between the restrictions imposed by the statute, and the ends sought to be achieved by the state, we conclude that no violation of Edelson's or Barr's substantive due process rights occurred.

The statute does not violate equal protection
Finally, Edelson and Barr argue that the statute violates equal protection because it treats chiropractors differently from other chiropractors, and differently from lawyers who file PIP claims on behalf of the victims. Since it is undisputed that a chiropractor's right to solicit patients for whatever reason is not a fundamental right, and that chiropractors are not a suspect class, section 817.234(8) may be held unconstitutional as a violation of equal protection only if the challenged classification bears no rational relationship to a legitimate state interest. Florida High School Activities Ass'n, Inc. v. Thomas By and Through Thomas, 434 So.2d 306, 308 (Fla.1983). Under the rational basis test, the court must inquire "only whether it is conceivable that the ... classification bears some rational relationship to a legitimate state purpose." Id. The burden is upon the party challenging the statute to show that there is no conceivable factual basis which would rationally support such classification. Id. In all, the legislature has wide discretion in creating statutory classifications, and there is a presumption in favor of validity. North Ridge Gen. Hosp., Inc. v. City of Oakland Park, 374 So.2d 461, 464 (Fla.1979), appeal dismissed, 444 U.S. 1062, 100 S.Ct. 1001, 62 L.Ed.2d 744 (1980).
We disagree that the statute treats similarly situated chiropractors arbitrarily and unequally. As we discussed, supra, there is a rational basis for the subject classificationthe prevention of insurance fraud. In a similar context, the third district recently held that, under subsection (9) of this statute,[1] a classification distinguishing *131 between attorneys who solicit motor vehicle accidents and those attorneys who solicit other personal injury claims is "rationally related" to the law's objective of deterring insurance fraud. State v. Falk, 23 Fla. L. Weekly D2697, 724 So.2d 146 (Fla. 3d DCA 1998).
We also disagree that the statute violates equal protection simply because subsection (9) of the statute provides an exception for attorneys but there is no similar exception for chiropractors in subsection (8). Attorneys and chiropractors are not members of the same identifiable group; simply put, they perform different functions, have different licenses, and are subject to different rules and regulations. Even if they were similarly situated, a reading of both subsections demonstrates that both prohibit solicitation by chiropractors and attorneys "for the purpose of filing a motor vehicle tort claim or a claim for personal injury protection benefits." As the trial court noted, subsection (9) does nothing to lessen the prohibition on solicitation, but merely imposes further restrictions on attorneys. In addition to abiding by section 817.234, attorneys must also follow the dictates of the Florida Bar rules when dealing with potential clients. See R. Regulating Fla. Bar 4-7.4(a)("A lawyer shall not solicit professional employment from a prospective client with whom the lawyer has no family or prior professional relationship ... when a significant motive for the lawyer's doing so is the lawyer's pecuniary gain"); Went for It, 515 U.S. at 632, 115 S.Ct. 2371 (holding Rule 4.7-4(b)(1) of the Florida Bar Rules prohibiting a lawyer's direct mail solicitation of a personal injury or wrongful death client within thirty days of accident narrowly drawn to pass Central Hudson test). Therefore, we conclude that section 817.234(8), as applied to Edelson and Barr, does not violate the equal protection clause of the constitution.
AFFIRMED.
GUNTHER and FARMER, JJ., concur.
NOTES
[1] Section 817.234(9), Florida Statutes, provides, in pertinent part,

It is unlawful for any attorney to solicit any business relating to the representation of persons injured in a motor vehicle accident for the purpose of filing a motor vehicle tort claim or a claim for personal injury protection benefits required by s. 627.736. The solicitation by advertising of any business by an attorney relating to the representation of a person injured in a specific motor vehicle accident is prohibited by this section. Any attorney who violates the provisions of this subsection commits a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.... This section shall not be interpreted to prohibit advertising by attorneys which does not entail a solicitation as described in this subsection and which is permitted by the rules regulating The Florida Bar as promulgated by the Florida Supreme Court.
§ 817.234(9), Fla. Stat. (1997)(emphasis supplied).