740 So.2d 569 (1999)
Charles BRADFORD, Appellant,
v.
STATE of Florida, Appellee.
No. 98-2480.
District Court of Appeal of Florida, Fourth District.
June 30, 1999.
Rehearing Denied September 24, 1999.
*570 Michael E. Dutko of Bogenschutz & Dutko, P.A., Fort Lauderdale, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Robert R. Wheeler, Assistant Attorney General, West Palm Beach, for appellee.
POLEN, J.
Charles Bradford, a chiropractor, timely appeals from the denial of his motion to dismiss the state's information charging him with unlawful insurance solicitation in violation of section 817.234(8), Florida Statutes (1997). He pled no contest to the lesser offense of conspiracy to commit unlawful insurance solicitation, specifically reserving his right to appeal the alleged unconstitutionality of this statute. We addressed this same issue in Barr v. State, 731 So.2d 126 (Fla. 4th DCA 1999) and concluded that the statute as applied to the same factual scenario as here is constitutional. Although we affirm on the basis of Barr, we nevertheless write only to clarify why subsection (8) does not punish purely innocent activity.
As in Barr, this case stemmed from the business relationship between Bradford and Prebeck Consultants, Inc. ("Prebeck"), a business engaged in scheduling appointments with chiropractors for persons involved in motor vehicle accidents. After purchasing a motor vehicle accident report, Prebeck solicited a person listed on the report for the purpose of scheduling a free initial examination with Bradford, and his possible subsequent treatment if necessary. Bradford examined such person, determined treatment was necessary, and later billed that person's PIP benefits for the services they rendered.
The state then charged Bradford with unlawful insurance solicitation in violation of section 817.234(8).[1] Bradford filed a *571 motion to dismiss, alleging that the statute was unconstitutionally vague and overbroad, and violative of equal protection. The court denied the motion. He then pled no contest to the lesser offense of conspiracy to commit unlawful insurance solicitation, reserving his right to appeal the constitutionality of this statute.
In Barr, we applied the four-part test espoused in Central Hudson Gas & Electric Corp. v. Public Service Comm'n of NY, 447 U.S. 557, 100 S.Ct. 2343, 65 L.Ed.2d 341 (1980) to determine whether this statute as applied to these facts violated the defendants' First Amendment protections. Under this test, we concluded that the statute passed constitutional muster because 1) the challenged solicitation was not misleading; 2) the state's asserted interest behind this restrictionthe prevention of insurance fraudwas substantial; 3) the regulation directly advanced this interest; and 4) the regulation was not more extensive than necessary to serve that interest.
With respect to the second prong of the Central Hudson test, Bradford notes that subsection (8) does not speak directly to the state's interest in preventing insurance fraud. Nevertheless, subsection (1) does. In fact, subsection (1) begins, "Any person who, with the intent to injure, defraud, or deceive any insurer...." § 817.234(1)(a), Fla. Stat. (1997).
It is a general principle of statutory construction that statutes enacted during the same session of the legislature dealing with the same subject matter must be considered in pari materia in order to harmonize them and, at the same time, to give effect to the legislative intent. Singleton v. Larson, 46 So.2d 186, 189 (Fla.1950); see also § 1.04, Fla. Stat. (1997). When reading subsection (8) in pari materia with subsection (1)(a), it becomes obvious that the legislature in enacting subsection (8) intended to punish only solicitations made for the sole purpose of defrauding that patient's PIP insurer.
Moreover, the statute's title supports this interpretation. The heading of section 817.234 reads, "False and fraudulent insurance claims." § 817.234, Fla. Stat. (1997). While the location of a law in a particular title or chapter of Florida Statutes does not necessarily determine the issue of legislative intent, it may be persuasive in certain circumstances. State v. Bussey, 463 So.2d 1141, 1143 (Fla.1985). We hold that this principle is especially applicable to subsection 817.234(8).
In sum, we reiterate that
[t]he statute is not a blanket ban on all solicitation of business by a chiropractor, but rather, targets only those persons who solicit business for the sole purpose of making motor vehicle tort or PIP benefits claims. Although not the least restrictive means available to achieve the state's purpose, we hold the ban on such solicitation is reasonably tailored to the state's interest in preventing insurance fraud and raised premiums.
Barr, 731 So.2d at 129. In other words, a chiropractor may solicit any prospective patient even if that chiropractor happens to get paid for his services by the patient's PIP insurance, as long as he does not solicit with the intent to defraud the insurer. Accordingly, we affirm.
AFFIRMED.
DELL and HAZOURI, JJ., concur.
NOTES
[1] Section 817.234(8) provides,

It is unlawful for any person, in his or her individual capacity or in his or her capacity as a public or private employee, or for any firm, corporation, partnership, or association, to solicit any business in or about city receiving hospitals, city and county receiving hospitals, county hospitals, justice courts, or municipal courts; in any public institution; in any public place; upon any public street or highway; in or about private hospitals, sanitariums, or any private institution; or upon private property of any character whatsoever for the purpose of making motor vehicle tort claims or claims for personal injury protection benefits required by § 627.736. Any person who violates the provisions of this subsection commits a felony of the third degree, punishable as provided in §§ 775.082, 775.083, or 775.084.
§ 817.234(8), Fla. Stat. (1997).