744 So.2d 1268 (1999)
Jerome M. HERSHKOWITZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 99-741.
District Court of Appeal of Florida, Third District.
December 8, 1999.
*1269 H. Dohn Williams, Jr., Ft. Lauderdale, for appellant.
Robert A. Butterworth, Attorney General, and Frank J. Ingrassia (Ft.Lauderdale), Assistant Attorney General, for appellee.
Before SCHWARTZ, C.J., and NESBITT and GREEN, JJ.
NESBITT, J.
Jerome M. Hershkowitz was convicted below of unlawful solicitation of motor vehicle tort or personal injury protection (PIP) claims, a violation of section 817.234(8) Florida Statutes (1995)[1]. He argues that the statute is unconstitutional. We reject that argument and adopt the reasoning and analysis outlined by the Fourth District in Barr v. State, 731 So.2d 126 (Fla. 4th DCA 1999), and reiterated and further supported in Bradford v. State, 740 So.2d 569 (Fla. 4th DCA 1999). We conclude that section 817.234(8) is not an impermissible burden on the right to commercial free speech, nor is that section unconstitutionally vague, overbroad, or violative of equal protection.
Both Bradford and Barr applied the four-part test espoused in Central Hudson Gas & Electric Corp. v. Public Service Comm'n of NY, 447 U.S. 557, 100 S.Ct. 2343, 65 L.Ed.2d 341 (1980), to determine whether this statute as applied violated the defendant's First Amendment protections. Like the Fourth District, we find that "the statute passes constitutional muster because: 1) the challenged solicitation was not misleading; 2) the state's asserted interest behind this restriction the prevention of insurance fraudwas *1270 substantial; 3) the regulation directly advanced this interest; and 4) the regulation was not more extensive than necessary to serve that interest." Bradford, 740 So.2d at 570.
As Bradford observes:
[t]he statute is not a blanket ban on all solicitation of business by a chiropractor, but rather, targets only those persons who solicit business for the sole purpose of making motor vehicle tort or PIP benefits claims. Although not the least restrictive means available to achieve the state's purpose, we hold the ban on such solicitation is reasonably tailored to the state's interest in preventing insurance fraud and raised premiums.
Bradford, 740 So.2d at 571 (quoting Barr, 731 So.2d at 129.) Accordingly, the statute creates no impermissible burden on the right to commercial free speech.
Likewise, the statute is neither void for vagueness, nor violative of the right to equal protection. In order for a statute like section 817.234 to withstand a void-for-vagueness challenge, the language of the statute must provide adequate notice of the conduct it prohibits when measured by common understanding and practice. See State v. Mark Marks, P.A., 698 So.2d 533, 541 (Fla.1997); Brown v. State, 629 So.2d 841, 842 (Fla.1994); State v. Rou, 366 So.2d 385 (Fla.1978). There is a common and uncomplicated definition to the term "solicitation," which leaves no doubt as to the nature of the activity prohibited. The term may be readily understood by reference to commonly accepted dictionary definitions. See Powell v. State, 508 So.2d 1307, 1310 (Fla. 1st DCA 1987)(holding dictionary definitions may be used as sources where statute does not define term in question). As Black's Law Dictionary notes, "[t]he term implies personal petition and importunity addressed to a particular individual to do some particular thing." Barr, 731 So.2d at 130 (quoting Black's Law Dictionary 1248-49 (5th ed.1979)). Thus, the void for vagueness claim fails.
Section 817.234(8) may be held unconstitutional as a violation of equal protection only if the challenged classification bears no rational relationship to a legitimate state interest. See Florida High School Activities Ass'n, Inc. v. Thomas By and Through Thomas, 434 So.2d 306, 308 (Fla.1983). Under the rational basis test, the court must inquire "only whether it is conceivable that the ... classification bears some rational relationship to a legitimate state purpose." Id. The burden is upon the party challenging the statute to show that there is no conceivable factual basis which would rationally support such classification. Id. The legislature has wide discretion in creating statutory classifications, and there is a presumption in favor of validity. North Ridge Gen. Hosp., Inc. v. City of Oakland Park, 374 So.2d 461, 464 (Fla.1979).
Here there is a rational basis for the subject classificationthe prevention of insurance fraud. In a similar context, we recently held that, under subsection (9) of this statute, a classification distinguishing between attorneys who solicit motor vehicle accidents and those attorneys who solicit other personal injury claims is "rationally related" to the law's objective of deterring insurance fraud. See State v. Falk, 724 So.2d 146 (Fla. 3d DCA 1998). Thus, we find no violation of the right to equal protection under the law.
In sum, we conclude that section 817.234(8) is neither unconstitutionally vague, overbroad, violative of equal protection, nor is the section an impermissible burden on the right to commercial free speech. Furthermore, we find the remaining points raised by appellant to be without merit. Accordingly, the order under review is affirmed.
NOTES
[1] Section 817.234(8) provides:

It is unlawful for any person, in his or her individual capacity or in his or her capacity as a public or private employee, or for any firm, corporation, partnership, or association, to solicit any business in or about city receiving hospitals, city and county receiving hospitals, county hospitals, justice courts, or municipal courts; in any public institution; in any public place; upon any public street or highway; in or about private hospitals, sanitariums, or any private institution; or upon private property of any character whatsoever for the purpose of making motor vehicle tort claims or claims for personal injury protection benefits required by s. 627.736. Any person who violates the provisions of this subsection commits a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.