757 So.2d 1282 (2000)
Randolph HANSBROUGH, Appellant,
v.
STATE of Florida, Appellee.
No. 4D99-0169.
District Court of Appeal of Florida, Fourth District.
May 31, 2000.
Robert Ader of Law Offices of Robert Ader, Miami, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Frank J. Ingrassia, Assistant Attorney General, Fort Lauderdale, for appellee.
PER CURIAM.
Hansbrough pled no contest to a lesser offense of conspiracy to commit insurance solicitation, reserving the right to appeal the denial of his dispositive motion to dismiss the information charging him with unlawful solicitation for the purpose of filing a PIP claim in violation of section 817.234(8), Florida Statutes. We affirm.
Hansbrough, a chiropractor, was one of twelve chiropractors charged by the state-wide prosecutor with violating section 817.234(8), Florida Statutes. The facts of this case are not in dispute. A third party or parties purchased motor vehicle accident reports and obtained the names of injured persons for referral to chiropractors. One such injured person, Ponsoldt, was called and asked if he would like to schedule a free exam and consultation with Dr. Hansbrough. Ponsoldt accepted the solicitation and was subsequently examined and treated by Hansbrough. Ponsoldt's PIP insurance carrier was billed for the treatment, the need for which was not in question. Furthermore, there is no *1283 claim that Hansbrough personally solicited the patients or knew in advance that the persons who were solicited for examinations would be filing PIP claims.
Hansbrough challenges the constitutionality of section 817.234(8) as impermissibly restricting rights of commercial speech. Although other grounds for declaring the statute unconstitutional were initially raised, this is the sole allegation before us.
In Barr v. State, 731 So.2d 126 (Fla. 4th DCA 1999), a case involving different chiropractors but arising out of the same circumstances as this case, this court, we applied the four-prong analysis delineated in Central Hudson Gas & Elec. Corp. v. Public Serv. Comm'n of New York, 447 U.S. 557, 100 S.Ct. 2343, 65 L.Ed.2d 341 (1980), and ruled that the statute does not violate the First Amendment. See 731 So.2d at 129; accord Hershkowitz v. State, 744 So.2d 1268 (Fla. 3d DCA 1999).
Subsequently, this court, in Bradford v. State, 740 So.2d 569 (Fla. 4th DCA 1999), rev. granted, No. SC96910, ___ So.2d ___ (Fla. Feb.25, 2000), followed Barr, but, in order to satisfy the third-prong of the Central Hudson four-prong test, interpreted section 817.234(8) as applying only where the defendant intends to defraud an insurance carrier. However, in Barr, we had previously ruled that section 817.234(8) satisfied the state's interest in preventing fraud. Accordingly, language in Bradford, interpreting section 817.234(8) as requiring an intent to defraud in order to satisfy the third prong of the Central Hudson test, was dicta and not controlling. While the state has not alleged intent to defraud in Hansbrough's case, dicta in Bradford does not require reversal in this case.
We note, however, that the supreme court has accepted the state's petition for review in Bradford and, accordingly, in this case, we certify the following questions of great public importance:

WHETHER SECTION 817.234(8), FLORIDA STATUTES, INCLUDES A REQUIREMENT OF SPECIFIC INTENT TO DEFRAUD THE INSURER.
and, if not

WHETHER THE STATUTE ADVANCES THE GOVERNMENTAL INTEREST IN PREVENTING INSURANCE FRAUD AND IS NOT MORE EXTENSIVE THAN IS NECESSARY TO SERVE THAT INTEREST.
DELL and POLEN, JJ., concur.
STONE, J., concurs specially with opinion.
STONE, J., concurring specially.
I agree with the majority that dicta in Bradford, which interprets section 817.234(8), as requiring an intent to defraud is not controlling, but I disagree with Bradford's statutory interpretation and would, therefore, recede from that language.
In Bradford, our court determined legislative intent in deciding whether the statute furthered the state's interest in preventing insurance fraud. However, in my judgment, the statutory language is clear and unambiguous; hence, resort to rules of statutory construction was unnecessary. See McLaughlin v. State, 721 So.2d 1170 (Fla.1998). The statute in question, distilled to its most essential terms, provides that it is unlawful for any "person ... to solicit any business ... for the purpose of making ... claims for personal injury protection benefits...." § 817.234(8), Fla. Stat. Subsection (8) does not include the words "with the intent to defraud." As it is not ambiguous, we should assume the omission was intentional. See Holly v. Auld, 450 So.2d 217, 219 (Fla.1984).
The fact that subsection (1)(a) of the statute prohibits certain acts in connection with insurance claims if committed with intent to defraud, as observed in Bradford, does not automatically lead to the conclusion that all portions of the same statute *1284 require proof of specific intent to defraud. I note that subsection (9) of the statute also provides a strict liability prohibition for attorney solicitation for the purpose of filing a tort or PIP claim.
The lack of a mens rea element is not a fatal defect to the statute, as crimes which are mala prohibita are punishable regardless of intent. See Bell v. State, 394 So.2d 979 (Fla.1981). The only intent required to be proven is general intent to commit the act prohibited. See State v. Oxx, 417 So.2d 287 (Fla. 5th DCA 1982). The lack of specific intent to defraud does not run afoul of this principle, as the statute requires a general intent to do the act prohibited; that is, engaging in the solicitation.
While the majority in affirming follows the holding in Bradford, I would recede from the dicta. I concur in the certified questions posed by the majority.