774 So.2d 871 (2000)
STATE of Florida, Appellant,
v.
Nash N. CRONIN, Deborah Combs, Craig J. Oswald, Steven Warfield, Lakewood Chiropractic Clinic, P.A., Gerald R. Mart, D.D., Mark E. Klempner, D.C., Casmar Inc., d/b/a Casmar Chiropractic, Appellees.
No. 1D99-3226.
District Court of Appeal of Florida, First District.
December 29, 2000.
*872 Robert A. Butterworth, Attorney General; Edward C. Hill, Assistant Attorney General, Tallahassee, for appellant.
Nancy A. Daniels, Public Defender; Edgar Lee Elzie, Jr., Assistant Public Defender, Tallahassee; Henry M. Coxe, III and Aaron Metcalf of Bedell, Dittmar, DeVault, Pillans & Coxe, P.A., Jacksonville; D. Gray Thomas of Sheppard, White & Thomas, P.A., Jacksonville; Robert Stuart Willis of Willis & Ferebee, P.A., Jacksonville, for appellees.
WOLF, J.
This is an appeal from a final order dismissing criminal charges against appellees. The state asserts that the trial court erroneously concluded that in order to pursue a violation of section 817.234(8), Florida Statutes, the state must allege and prove that the solicitation covered by the statute was made with an intent to defraud. While we conclude that fraudulent intent is not an element of the offense defined in the statute, we nevertheless hold that the statute as written violates the First Amendment of the United States Constitution and article I, section 4 of the Florida Constitution. The order dismissing the charges is therefore affirmed.
Appellees were charged with one violation of Florida's RICO Act and several violations of section 817.234(8), Florida Statutes, otherwise known as Florida's anti-solicitation statute, with the predicate conduct for the RICO charge being the several counts of unlawful insurance solicitation. The counts charging appellees with violations of section 817.234(8) alleged only that appellees had unlawfully solicited business from the victims for the purpose of making motor vehicle tort claims or claims for personal injury protection (PIP) benefits. Among the various motions to dismiss filed by appellees was a joint motion to dismiss the charges on grounds that the information failed to allege the essential element of the anti-solicitation offense that appellees had solicited their victims with the intent to defraud. The trial court dismissed the charges based on the fourth district's decision in Bradford v. State, 740 So.2d 569 (Fla. 4th DCA 1999), which the trial court interpreted as requiring an allegation that the solicitation occurred with the intent to defraud.
Under the express terms of section 817.234(8), any person who solicits business, through any medium, with the intent of receiving payment by making a motor vehicle tort claim or a claim for PIP benefits commits a third degree felony. See Barr v. State, 731 So.2d 126, 130 (Fla. 4th DCA 1999) (holding that "to solicit" as used in the statute means to contact or communicate with either orally or in writing). In Barr, the defendant chiropractors had been charged with violating section 817.234(8) and filed motions to dismiss the charges arguing that the statute was unconstitutionally vague, overly broad, and violative of equal protection. See id. at 128. After the trial court in Barr denied their motions, the defendants pled no contest to the lesser offense of conspiracy to commit violations of the statute, specifically reserving their right to appeal the alleged unconstitutionality of the statute. See id. On appeal, the fourth district held that the statute *873 passed the four-part test announced in Central Hudson Gas & Elec. Corp. v. Public Service Comm'n, 447 U.S. 557, 100 S.Ct. 2343, 65 L.Ed.2d 341 (1980) for determining the constitutionality of a restriction on commercial speech. See Barr, 731 So.2d at 129. The four prongs of the Central Hudson test, as modified by Board of Trustees of State Univ. of New York v. Fox, 492 U.S. 469, 109 S.Ct. 3028, 106 L.Ed.2d 388 (1989), are: (1) whether the speech at issue is not misleading and concerns lawful activity; (2) whether the government has a substantial interest in restricting that speech; (3) whether the regulation directly advances the asserted governmental interest; and (4) whether the regulation is narrowly tailored, but not necessarily the least restrictive means available, to serve the asserted governmental interest. See Central Hudson, 447 U.S. at 566, 100 S.Ct. at 2351; Fox, 492 U.S. at 476-81, 109 S.Ct. at 3032-35. The fourth district in Barr reasoned that the first prong of the Central Hudson test had been satisfied because the solicitations made by the defendants in that case were unlawful only because they violated section 817.234(8). See Barr, 731 So.2d at 129. The court in Barr also reasoned that the second prong of the Central Hudson test had been satisfied because the state had a substantial interest in combating insurance fraud and the resulting increase in insurance premiums borne ultimately by the public. See id. The court in Barr further reasoned that the third prong of the Central Hudson test had been satisfied because section 817.234(8) does, in fact, directly advance the state's interest in preventing insurance fraud. See id. With regard to the fourth prong of the Central Hudson test, the court in Barr reasoned that it too had been satisfied because,
The statute is not a blanket ban on all solicitation of business by a chiropractor, but rather, targets only those persons who solicit business for the sole purpose of making motor vehicle tort or PIP benefits claims. Although not the least restrictive means available to achieve the state's purpose, we hold the ban on such solicitation is reasonably tailored to the state's interest in preventing insurance fraud and raised premiums.
Id.[1]
A little over two months after the issuance of the decision in Barr, the fourth district again had occasion to write on the constitutionality of section 817.234(8) in Bradford v. State, 740 So.2d 569 (Fla. 4th DCA 1999). In Bradford, the defendant chiropractor had been charged with violating section 817.234(8) and had, like the defendants in Barr, filed a motion to dismiss the charges arguing that the statute was unconstitutionally vague, over broad, and violative of equal protection. See id. at 570-71. After the trial court denied his motion, the defendant in Bradford pled no contest to the lesser offense of conspiracy to commit violations of the statute, specifically reserving his right to appeal the alleged unconstitutionality of the statute. See id. On appeal, the fourth district in Bradford affirmed, based on its prior decision in Barr, but wrote to "clarify why subsection (8) does not punish purely innocent activity." Id. at 570. The fourth district explained that only solicitations made with an intent to defraud were prohibited by the statute. See id. at 571. The supreme court subsequently granted review. See State v. Bradford, 761 So.2d 331 (Fla.2000).
After the fourth district issued its opinion in Bradford, but before the supreme court granted review in that case, the third district in Hershkowitz v. State, 744 So.2d 1268 (Fla. 3d DCA 1999), also held that section 817.234(8) does not constitute an impermissible burden on the right to commercial *874 speech, nor was it unconstitutionally vague, over broad, or violative of equal protection. In doing so, the court in Hershkowitz merely adopted "the reasoning and analysis outlined by the fourth district in [Barr], and reiterated and further supported in [Bradford]," without specifically adopting the language in the Bradford opinion which had indicated that an intent to defraud was a necessary element of the offense defined in section 817.234(8). See Hershkowitz, 744 So.2d at 1269.
Subsequently, the fourth district in Hansbrough v. State, 757 So.2d 1282 (Fla. 4th DCA 2000), receded from its statement in Bradford that an intent to defraud was a necessary element of the offense defined in section 817.234(8). The court in Hansbrough indicated that "[w]hile the state [had] not alleged intent to defraud in Hansbrough's case," the language from Bradford indicating that such was required had been merely dicta and not controlling. See id. The supreme court has granted review. See Hansbrough v. State, 25 Fla. L. Weekly 47, ___ So.2d ___ (Fla. Nov. 13, 2000). Consequently, at the present time, there is no court in Florida which has specifically indicated that an intent to defraud is an essential element of the offense defined in section 817.234(8). Appellees, however, request that we insert the words "intent to defraud" into the statute in order to save the constitutionality of the statute. We decline to do so.
"Whenever possible, a statute should be construed so as not to conflict with the constitution." Firestone v. News-Press Publishing Co., Inc., 538 So.2d 457, 459 (Fla.1989). Such construction, however, must be consistent with the legislative intent ascertainable from the statute itself or its common sense application. See State v. Globe Communications Corp., 648 So.2d 110, 113 (Fla.1994); Long v. State, 622 So.2d 536, 537-38 (Fla. 1st DCA 1993). "It is fundamental that judges do not have the power to edit statutes so as to add requirements that the legislature did not include." Meyer v. Caruso, 731 So.2d 118, 126 (Fla. 4th DCA 1999).
Sections 817.234(1)(a),(2), and (3), Florida Statutes, specifically indicate that an intent to defraud is an element of the offenses defined in those subsections. Subsection (8), however, reads:
It is unlawful for any person, in his or her individual capacity or in his or her capacity as a public or private employee, or for any firm, corporation, partnership, or association, to solicit any business in or about city receiving hospitals, city and county receiving hospitals, county hospitals, justice courts, or municipal courts; in any public institution; in any public place; upon any public street or highway; in or about private hospitals, sanitariums, or any private institution; or upon private property of any character whatsoever for the purpose of making motor vehicle tort claims or claims for personal injury protection benefits required by s. 627.736. Any person who violates the provisions of this subsection commits a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
As Judge Stone wrote in his special concurrence in Hansbrough, section 817.234(8) clearly and unambiguously does not include the requirement that the solicitation occur with the intent to defraud. See Hansbrough, 757 So.2d at 1283 (Stone, J., concurring specially). If we were to read an intent to defraud into subsection (8), it would render the subsection essentially superfluous not only in light of subsections (1)(a) and (2) of the statute which independently criminalize conduct designed to defraud insurance companies, but also in light of other sections in chapter 817 which independently criminalize general schemes to defraud. See § 817.034(4), Fla. Stat. (1997). We thus find no legislative intent to include an intent to defraud as an element of the offense defined in section 817.234(8).
*875 The state also asks us to rewrite the statute to preserve its constitutionality. They argue that the statute should be construed as applying only to in-person or telephonic solicitations and that with such a limiting construction the statute would be constitutional. We find nothing which would indicate that such a limiting construction was intended by the legislature. We therefore decline to amend the statute in the manner requested by the state. See Bailey v. Morales, 190 F.3d 320, 324-25 (5th Cir.1999) (declining to rewrite statute or exempt conduct from the scope of a similar statute in order to preserve its constitutionality).
The statute as written is far too broad in terms of the scope of activities it can potentially reach. Proof of any advertisement for chiropractic services which solicits business from automobile accident victims would arguably be sufficient to get a prosecutor past a motion for judgment of acquittal in a prosecution based on an alleged violation of the statute, the theory being that the advertiser or solicitor obviously intended to be paid for his or her services with the reference to the accident being considered as evidence of an intent to access recoverable tort claims, damages, or PIP benefits. The fact that a prospective client may have had a legitimate need for chiropractic services as a result of an automobile accident would be irrelevant given that the statute contains no requirement that there be an intent to defraud.[2]
In Bailey v. Morales, 190 F.3d 320 (5th Cir.1999), the fifth circuit held that restrictions on commercial speech less expansive than those challenged here were unconstitutional because they were not reasonably tailored to achieve the state's asserted interests. The Texas statute at issue in Bailey prohibited chiropractors and other professionals from soliciting employment, either by telephone or in person, from individuals known by the professional to have a special need for services arising out of either a particular occurrence (e.g. an accident) or a pre-existing condition (e.g., having arthritis). See id. at 321.
As in Bailey, the blanket ban on solicitations directed to a specific target group which is here at issue is "neither reasonably tailored nor reasonably proportional to the harm the state seeks to prevent." Id. at 325. See also Gregory v. Louisiana Bd. of Chiropractic Examiners, 608 So.2d 987 (1992) (striking down a similar anti-solicitation statute which prohibited direct mail solicitations of recent accident victims).
While a statute regulating commercial speech need not be the least restrictive means of achieving the state's asserted goal objective, it must be narrowly tailored to achieve the desired objective:
[W]hile we have insisted that the free flow of commercial information is valuable enough to justify imposing on wouldbe regulators the costs of distinguishing the harmless from the harmful, we have not gone so far as to impose upon them the burden of demonstrating that the distinguishment is 100% complete, or that the manner of restriction is absolutely the least severe that will achieve the desired end. What our decisions require is a fit between the legislature's ends and the means chosen to accomplish those endsa fit that is not necessarily perfect, but reasonable; that represents not necessarily the single best disposition but one whose scope is in proportion to the interest served; that employs not necessarily the least restrictive means but, as we have put it in other contexts ... a means narrowly tailored to achieve the desired objective. Within those bounds we leave it to governmental decisionmakers to judge what manner of regulation may best be employed.
*876 Board of Trustees of the State Univ. of New York v. Fox, 492 U.S. 469, 479-80, 109 S.Ct. 3028, 3034-35, 106 L.Ed.2d 388 (1989).
We disagree with the fourth district's holding in Barr that the prohibition in section 817.234(8) is narrowly tailored because it only relates to solicitations made for the purpose of making motor vehicle tort claims or claims for PIP benefits. Every solicitation of business from an accident victim in the context has the potential of being funded by the proceeds of a tort settlement or PIP claim. Persons who are legitimately injured, even those who cannot independently afford treatment, have a right to obtain needed treatment. There is no legitimate basis for not informing an injured person of all available funding sources. The statute is, therefore, not narrowly tailored to only address the state's interest in preventing insurance fraud. We affirm, and certify conflict with the fourth district's decisions in Barr, Bradford, and Hansbrough, and the third district's decision in Hershkowitz.
BOOTH and JOANOS, JJ., concur.
NOTES
[1] The fourth district in Barr had not been called upon to address, nor had it specifically addressed in its opinion, whether the elements of the offense defined in section 817.234(8) included an intent to defraud on the part of the defendant. See Barr, 731 So.2d at 128-31.
[2] An economically disadvantaged person with a legitimate need for services might, therefore, be precluded from being informed of a legitimate potential source of payment for the service.