COMMONWEALTH *vs.* RICHARD B. GULDEN. January 28, 1976. The defendant argues that the ordinance of the city of Newton under which he was convicted imposes an undue burden on interstate commerce and constitutes a denial of equal protection in violation of the Constitution of the United States. The ordinance provides in part that "[n]o hawker or

peddler shall sell or offer for sale any goods, wares or merchandise . . . within five hundred feet of any playground of the city between the hours of 9:00 a.m. and 9:00 p.m. . . . ." The defendant admits that he violated the terms of the ordinance by selling ice cream from a truck parked in front of a city playground. The judge denied the defendant's motion to dismiss the complaint, without making any findings of fact. (1) In considering the defendant's argument based on the commerce clause (U.S. Const. art. I, §.8), we will assume, as he asserts, that the ice cream he was selling had been "purchased from out-of-state manufacturers in their original package and [was] sold by him in their original package to his customers." There is no showing, however, of the burden, if any, imposed by the ordinance on interstate commerce. See *Opinion of the Justices*, 359 Mass. 778, 784 n.1 (1971); *Commonwealth* v. *Haseotes*, 356 Mass. 230, 233-234 (1969). Moreover, the commerce clause does not bar State regulation dealing with matters of local concern, even though the regulation indirectly and incidentally may affect interstate commerce and persons engaged in it. *Mobil Oil Corp.* v. *Attorney Gen.*, 361 Mass. 401, 412 (1972). The Newton ordinance does not discriminate against interstate commerce and is addressed to a local problem, the safety of children in the vicinity of the city's playgrounds. This legitimate local purpose amply justifies the application of the ordinance to the defendant. See *Pike* v. *Bruce Church, Inc.*, 397 U.S. 137, 142 (1970); *Huron Portland Cement Co.* v. *Detroit*, 362 U.S. 440, 443-444 (1960). If in these circumstances the defendant is entitled to a judicial determination as to whether there is a less restrictive, adequate alternative for achieving the ordinance's purpose (compare *Pike* v. *Bruce Church, Inc.*, *supra* at 142, and *Dean Milk Co.* v. *Madison*, 340 U.S. 349, 354 [1951], with *Bibb* v. *Navajo Freight Lines, Inc.*, 359 U.S. 520, 524 [1959]), a point we assume in the defendant's favor, we conclude that there is no such alternative means in the present case consistent with the local objectives of traffic safety in the area of schools and playgrounds. (2) The ordinance does not deny the defendant the equal protection of the laws. The ordinance's discrimination between peddlers and retail stores is rational and bears a reasonable relationship to objectives intended to be accomplished. *Mobil Oil Corp.* v. *Attorney Gen.*, *supra* at 417. *McGowan* v. *Maryland*, 366 U.S. 420, 425-426 (1961). See *Hall-Omar Baking Co.* v. *Commissioner of Labor & Indus.*, 344 Mass. 695, 700-701 (1962).

*Exceptions overruled.*

*Richard H. Gens* for the defendant.
*Alan L. Kovacs*, Assistant District Attorney, for the Commonwealth.

