Texas, checkpoint. In light of our decision today that the Randado checkpoint is a functional equivalent of the border, *United States v. Wilson*, 553 F.2d 896 (5th Cir. 1977), we need not inquire whether probable cause existed to search the trunk of appellant's car. His conviction is

AFFIRMED.

**UNITED STATES of America,**
**Plaintiff-Appellee,**
v.
**James Bailey COOK, Jr.,**
**Defendant-Appellant.**
**No. 76–1023.**
United States Court of Appeals,
Fifth Circuit.

June 8, 1977.

Rehearing Denied July 11, 1977.

Oscar J. Pena, Laredo, Tex., for defendant-appellant.

Edward B. McDonough, Jr., U. S. Atty., Mary L. Sinderson, George A. Kelt, Jr., James R. Gough, Asst. U. S. Attys., Houston, Tex., for plaintiff-appellee.

Before GEWIN, GEE and FAY, Circuit Judges.

GEE, Circuit Judge:

Appellant was convicted of possessing, with intent to distribute, 497 pounds of marijuana in violation of 21 U.S.C. § 841(a)(1)(1970), and was sentenced to serve three years with a special parole term of two years. Appellant complains that the Border Patrol did not have probable cause to search his automobile at the Randado,

**Johnny Lee RANSOM,**
**Petitioner-Appellant,**
v.
**Louie L. WAINWRIGHT, Secretary, Department of Offender Rehabilitation,**
**Respondent-Appellee.**
**No. 76–4064**
**Summary Calendar.***
United States Court of Appeals,
Fifth Circuit.

June 8, 1977.

Rehearing Denied July 1, 1977.

432 F.Supp. at 227.

* Rule 18, 5 Cir.; *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

Johnny Lee Ransom, pro se.

Robert L. Shevin, Atty. Gen., Tallahassee, Fla., Paul H. Zacks, C. Marie Bernard, Asst. Attys. Gen., Palm Beach, Fla., for respondent-appellee.

Before GOLDBERG, CLARK and FAY, Circuit Judges.

PER CURIAM:

Johnny Lee Ransom, a state prisoner, appeals from the district court's denial without a hearing of his petition for a writ of habeas corpus. He asserts that his conviction of violating Fla.Stat.Ann. § 790.23 (1976) infringed rights guaranteed him by the Federal Constitution. His primary contention is that Section 790.23 is void for vagueness. This argument is without merit. In order to survive constitutional challenge on this ground, a statute need only provide "the person of ordinary intelligence a reasonable opportunity to know what is prohibited." *Grayned v. City of Rockford*, 408 U.S. 104, 108, 92 S.Ct. 2294, 2298–99, 33 L.Ed.2d 222, 227 (1972); *Dreske v. Holt*, 536 F.2d 105, 107 (5th Cir. 1976). Section 790.23 meets this standard.

In his reply brief, the petitioner suggests that the statute somehow deprives him of the presumption of innocence. We

perceive no basis for this allegation. If it is an attempt to assert that the statute infringes equal protection by creating an invidious class—felons—who are forbidden to carry firearms, the argument is without merit. The district court's decision is

AFFIRMED.