WEBSTER, Judge.
Appellant was charged with possession of a firearm by a violent career criminal, in violation of section 790.235(1), Florida Statutes (1995). Following the denial of his motion to dismiss the information on the ground that section 790.235(1) is unconstitutional, appellant entered a plea of no contest, reserving the right to appeal the adverse ruling on the motion. Appellant contends that the statute is unconstitutional because it is susceptible to “arbitrary and capricious” application, and because it is impermissibly vague. We affirm.
To the extent relevant, section 790.235(1) reads:
Any person who meets the violent career criminal criteria under s. 775.084(l)(c), regardless of whether such person is or has previously been sentenced as a violent career criminal, who owns or has in his or her care, custody, possession, or control any firearm or electric weapon or device, or carries a concealed weapon, including a tear gas gun or chemical weapon or device, commits a felony of the first degree....
The term “violent career criminal” is clearly (and extensively) defined in section 775.084(l)(c). As with statutes generally, section 790.235(1) is presumed to be constitutional, and the burden rests on appellant to establish the contrary. State v. Lick, 390 So.2d 52 (Fla.1980).
Appellant’s first argument appears to be that the statute is unconstitutional because it is susceptible to “arbitrary and capricious” application, presumably by prosecutors, who will have the option to charge a defendant pursuant to that statute, rather than pursuant to section 790.23, which makes it a second-degree felony for previously convicted felons “to have in [their] care, custody, possession, or control any firearm or electric weapon or device, or to carry a concealed weapon, including a tear gas gun or chemical weapon or device.” This argument has been made, and rejected, with regard to the habitual offender statute. E.g., Arnold v. State, 566 So.2d 37 (Fla. 2d DCA 1990), review denied, 576 So.2d 284 (Fla.1991); Barber v. State, 564 So.2d 1169 (Fla. 1st DCA), review denied, 576 So.2d 284 (Fla.1990); King v. State, 557 So.2d 899 (Fla. 5th DCA), review denied, 564 So.2d 1086 (Fla.1990). For the same reasons, we reject the argument here.
Appellant next argues that the statute is unconstitutionally vague because it “does not contain language sufficiently and reasonably definite to fairly apprise the citizens of Florida as to when they could be charged with possession of a firearm by a violent criminal,” thereby requiring them to “guess as to whom th[e] statute applies.” “A statute will withstand constitutional scrutiny under a void-for-vagueness challenge if it is specific enough to give persons of common intelligence and understanding adequate warning of the proscribed conduct.” Sanicola v. State, 384 So.2d 152, 153 (Fla.1980). Section 790.23, which like section 790.235, makes it a crime for a convicted felon “to own or to have in his or her care, custody, possession, or control any firearm or electric weapon or device, or to carry a concealed weapon, including a tear gas gun or chemical weapon or device,” has been previously held not to be unconstitutionally vague. Ransom, v. Wainwright, 553 F.2d 900 (5th Cir.1977). Section 790.235 merely provides for a more severe penalty if the convicted felon also “meets the violent career criminal criteria under s. 775.084(1)(e).” Those criteria are clearly delineated in section 775.084(1)(c). Therefore, to determine whether one is susceptible to prosecution for a violation of section 790.235, one need only read that section in conjunction with section 775.084(1)(c). We do not believe that a person of common *467 intelligence and understanding, upon reading those two statutes, would have any difficulty comprehending precisely what is proscribed.
Appellant’s conviction is affirmed.
AFFIRMED.
MINER and ALLEN, JJ., concur.