755 So.2d 692 (1999)
Adam EASLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 98-3624.
District Court of Appeal of Florida, Fourth District.
August 4, 1999.
*693 Richard L. Jorandby, Public Defender, and Susan D. Cline, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Debra Rescigno, Assistant Attorney General, West Palm Beach, for appellee.
STEVENSON, J.
Appellant, Adam Easley, was convicted of possession of cocaine with the intent to sell within 1,000 feet of a church or religious organization in violation of section 893.13(1)(e)1, Florida Statutes (1997). On appeal, Easley contends that the statute under which he was convicted is void for vagueness and violates the Establishment Clause. We disagree and affirm.
As for Easley's void for vagueness challenge, we affirm on the authority of this court's recent opinion in Jean v. State, 24 Fla. L. Weekly D1392, ___ So.2d ___, 1999 WL 393477 (Fla. 4th DCA June 16, 1999). We similarly reject Easley's contention that the statute violates the Establishment Clause as we find that it passes muster under the three-part test enunciated by the Supreme Court in Lemon v. Kurtzman, 403 U.S. 602, 91 S.Ct. 2105, 29 L.Ed.2d 745 (1971).[1] We have examined the legislative history, and it does not contain any statements regarding the legislature's purpose in increasing the penalties for drug sales near churches and other places of worship. We note, however, that churches and places of worship have not been singled out; rather, the legislature has determined that increased penalties should apply to drug sales committed in close proximity to child care facilities, schools, colleges, public parks, and convenience stores. See §§ 893.13(1)(d) & (e), Fla. Stat. Given the presumption in favor of the constitutionality of statutes, it would be inappropriate to impute an unconstitutional purpose, i.e., the advancement of religion, when a secular purpose is equally, if not more likely, i.e., deterring drug sales near places where the public, especially families and young people, have a tendency to gather. Cf. Todd v. State, 643 So.2d 625 (Fla. 1st DCA 1994) (holding that Florida Statutes section 806.13, proscribing damage to the property of others and increasing the degree of the offense if the damage was to "any church, synagogue, mosque, or other place of worship," did not violate the Establishment Clause), review denied, 651 So.2d 1197 (Fla.), cert. denied, 515 U.S. 1143, 115 S.Ct. 2579, 132 L.Ed.2d 829 (1995).
AFFIRMED.
STONE and KLEIN, JJ., concur.
NOTES
[1] First, the statute must have a secular legislative purpose; second, its principal or primary effect must be one that neither advances nor inhibits religion; finally, the statute must not foster "an excessive government entanglement with religion."

Lemon v. Kurtzman, 403 U.S. 602, 612, 91 S.Ct. 2105 (1971) (citations omitted).