754 So.2d 881 (2000)
Donna Jean RICE, et al., Appellants,
v.
STATE of Florida, Appellee.
Nos. 5D99-1513 to 5D99-1515, 5D99-1535, 5D99-1704 and 5D99-1746.
District Court of Appeal of Florida, Fifth District.
April 14, 2000.
*882 James B. Gibson, Public Defender, and John M. Selden, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Kristen L. Davenport, Assistant Attorney General, Daytona Beach, for Appellee.
ANTOON, C.J.
In this consolidated appeal, six separate criminal defendants challenge the constitutionality of paragraph 893.13(1)(e) of the Florida Statutes (1997) which enhances the penalties imposed upon defendants convicted *883 of selling, manufacturing, delivering or possessing a controlled substance within 1,000 feet of a place of worship. In asserting this challenge, the defendants claim the statute 1) violates the establishment clause, 2) is void for vagueness, and 3) violates their rights to receive due process and equal protection of the law. For the following reasons, we uphold the constitutionality of the statute and thus affirm the judgments and sentences entered by the trial court.
Paragraphs (c), (d) and (e) of subsection 893.13(1) of the Florida Statutes (1997) provide enhanced penalties for drug offenses committed in proximity to child care facilities; private and public elementary, middle, and secondary schools; private or public colleges, universities, or other post-secondary educational institutions; public housing facilities; public parks; convenience businesses; and places of worship. Paragraph (e) of the statute specifically relates to drug offenses committed in proximity to places of worship:
893.13 Prohibited acts; penalties.
(1)
* * *
(e) Except as authorized by this chapter, it is unlawful for any person to sell, manufacture, or deliver, or possess with intent to sell, manufacture, or deliver, a controlled substance not authorized by law in, on, or within 1,000 feet of a physical place for worship at which a church or religious organization regularly conducts religious services ....
(Emphasis added). The defendants first assert that paragraph (e) of the statute violates the establishment clauses set forth in our federal and state constitutions.
The establishment clause set forth in the First Amendment to the United States Constitution provides that Congress shall make no law respecting the establishment of religion. Article 1, section 3, of the Florida Constitution is essentially the same. See Todd v. State, 643 So.2d 625, 627 (Fla. 1st DCA 1994), rev. denied, 651 So.2d 1197 (Fla.1995). In order to overcome a claim that a statute violates the federal establishment clause, the statute must pass the three-part test set out in Lemon v. Kurtzman, 403 U.S. 602, 91 S.Ct. 2105, 29 L.Ed.2d 745 (1971). "Under the Lemon standard ... a court may invalidate a statute only if [the statute] is motivated wholly by an impermissible purpose, if its primary effect is the advancement of religion, or if it requires excessive entanglement between church and state." Bowen v. Kendrick, 487 U.S. 589, 602, 108 S.Ct. 2562, 101 L.Ed.2d 520 (1988) (citations omitted). Florida courts have recognized that, in analyzing a statute under Florida's establishment clause, a similar test applies. See Johnson v. Presbyterian Homes of Synod of Fla., Inc., 239 So.2d 256, 261 (Fla.1970). However, when considering an establishment clause claim under Florida's constitution, a fourth consideration has been added by article I, section 3, of the Florida Constitution: "The statute must not authorize the use of public moneys, directly or indirectly, in aid of any sectarian institution." Silver Rose Entertainment, Inc. v. Clay County, 646 So.2d 246, 251 (Fla. 1st DCA 1994), rev. denied, 658 So.2d 992 (Fla.1995).
In Easley v. State, 755 So.2d 692 (Fla. 4th DCA 1999), rev. denied, 751 So.2d 1251 (Fla.2000), the fourth district applied these tests to paragraph 893.13(1)(e) and found no violation of either establishment clause. Upon consideration, we agree. The primary purpose and effect of the enhancement provision set forth in paragraph 893.13(1)(e) is the deterrence of drug sales and drug use in proximity to places where people gather. The deterrence of drug sales and use is a secular purpose which neither promotes nor advances any religious cause. Furthermore, the expenditure of public money to enforce the statute is too remote to aid any sectarian purpose. We note that, although visitors to places of worship may indirectly benefit from the state's enforcement of the statute, such *884 benefit neither evidences an improper legislative motive nor demonstrates an excessive entanglement between church and state.
The defendants next contend that the statute is unconstitutionally void for vagueness. A challenge to a statute on grounds of vagueness turns initially to the nature of the behavior the statute seeks to regulate. For example, if the statute purports to regulate constitutionally protected conduct, such as speech or assembly, the statute must be examined in the abstract in order to analyze a vagueness claim. See Travis v. State, 700 So.2d 104, 105 (Fla. 1st DCA 1997), rev. denied, 707 So.2d 1128 (Fla.1998). In contrast, a statute like paragraph 893.13(1)(e) which does not purport to regulate constitutionally protected conduct can be struck down as being unconstitutionally vague only if the statutory language is so vague that it fails to give adequate notice of any conduct that the statute proscribes. See id. at 106. Thus, when addressing the instant vagueness claim, the first question is whether the defendants engaged in conduct that is clearly proscribed by the statute. If so, the defendants cannot prevail on their claim of vagueness. See Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. 489, 495, 102 S.Ct. 1186, 71 L.Ed.2d 362 (1982).
The instant record reveals that all of the defendants admitted that they had violated the statute by either selling cocaine or possessing cocaine with the intent to sell within 1000 feet of a church building. The defendants also conceded that the buildings in question were ordinary, traditional churches. Based on these concessions, the trial court properly ruled that the defendants could not prevail on their claim that the statute was unconstitutionally vague. In so ruling, we recognize that in Jean v. State, 24 Fla. L. Weekly D1392, ___ So.2d ___, 1999 WL 393477 (Fla. 4th DCA June 16, 1999), the fourth district addressed this exact issue and on similar facts upheld the constitutionality of paragraph 893.13(1)(e).
Finally, we address the defendants' argument that sentencing under paragraph 893.13(1)(e) violates both the due process and equal protection clauses of the Fifth and Fourteenth Amendments to the United States Constitution and article 1, sections 2 and 9, of the Florida Constitution. In support of this claim the defendants contend that the statute constitutes an invalid, arbitrary, and capricious exercise of the state's police power, and that there is no rational basis to support the imposition of an enhanced penalty for drug crimes committed in proximity to places of worship. They also argue that the statute fails to set forth reasonable restrictions since there is no time limitation on the application of the statute similar to the 6:00 a.m. to 12:00 a.m. time limitation contained in the provision dealing with child care and school facilities. See § 893.13(1)(c), Fla. Stat. (1997). We disagree.
Our supreme court has explained that due process requires that the means selected by the Legislature to achieve its legitimate police power objectives must have "a reasonable and substantial relation to the object sought to be attained and shall not be unreasonable, arbitrary or capricious." State v. Saiez, 489 So.2d 1125, 1128 (Fla.1986). Applying this analysis to the instant case, we conclude that the Legislature's enactment of paragraph 893.13(1)(e)'s enhanced punishment provisions constitutes a reasonable and substantial means by which to deter criminals from engaging in illegal drug sales in areas where law abiding citizens, including children and the elderly, tend to congregate. This is an undeniably legitimate police power objective. Furthermore, the Legislature's failure to set forth certain time limitations for the applicability of the statute is reasonable in light of the fact that, unlike elementary schools and child care facilities which are likely to see activity between the hours of 6:00 a.m. to 12:00 *885 a.m., places of worship are places where citizen activity is likely to occur at any given hour on any given day since such facilities host a myriad of different religious ceremonies as well as social gatherings. Support for this conclusion can be found in reviewing paragraph 893.13(1)(d) which, for likely similar reasons, enhances penalties for drug offenses committed in proximity to colleges and universities without setting forth any time limitations.
As for the defendants' equal protection claim, a statutory classification can be struck down as being in violation of the equal protection clause "only if the challenged classification bears no rational relationship to a legitimate state interest." Hershkowitz v. State, 744 So.2d 1268, 1270 (Fla. 3d DCA 1999). "Under the rational basis test, the court must inquire `only whether it is conceivable that the ... classification bears some rational relationship to a legitimate state purpose.'" Id. (citing Florida High School Activities Ass'n, Inc. v. Thomas By and Through Thomas, 434 So.2d 306, 308 (Fla.1983)). Here, the defendants argue that the unlawful classification created by the statute constitutes a prejudice "in favor of a group (churchgoers), to the detriment of others." However, it is obvious to us that the enhancement provision contained in paragraph 893.13(1)(e) bears "some rational relationship" to the state's legitimate purpose of protecting its law abiding citizens from encountering drug crimes in areas where such citizens tend to congregate. Accordingly, no equal protection violation can be found.
Finding no merit to the constitutional issues raised, we affirm.
JUDGMENT and SENTENCES AFFIRMED.
W. SHARP, and PETERSON, JJ., concur.