761 So.2d 1234 (2000)
Kevin Eugene HOBBY, Appellant,
v.
STATE of Florida, Appellee.
No. 2D99-2385.
District Court of Appeal of Florida, Second District.
July 12, 2000.
*1236 James Marion Moorman, Public Defender, and Tosha Cohen, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Diana K. Bock, Assistant Attorney General, Tampa, for Appellee.
BENTLEY, E. RANDOLPH, Associate (Senior) Judge.
Kevin Hobby was convicted of possessing and selling drugs within 1,000 feet of a church. He challenges the sentence imposed upon him under section 893.13(1)(e), Florida Statutes (1997), which enhances penalties for drug crimes committed in proximity to places of worship. He argues that the statute is unconstitutionally vague, that it violates his constitutional rights to due process and equal protection of the law, that it violates the Establishment Clause, and that it interferes with the freedom of religion. We hold that the statute is constitutional and affirm.
Section 893.13(1)(e), Florida Statutes (1997), states the following, in part:
Except as authorized by this chapter, it is unlawful for any person to sell, manufacture, or deliver, or possess with intent to sell, manufacture, or deliver, a controlled substance not authorized by law in, on, or within 1,000 feet of a physical place for worship at which a church or religious organization regularly conducts religious services or within 1,000 feet of a convenience business as defined in s. 812.171.
Hobby asserts that the statute is vague because persons of common intelligence must guess as to its meaning. See Brown v. State, 629 So.2d 841 (Fla.1994) (holding that a statute must provide a definite warning of what conduct is prohibited). Specifically, he argues that it fails to define the terms "church or religious organization," "regularly conducts," and "religious services."
In rejecting a vagueness challenge of section 893.13(1)(e), the Fifth District in Rice v. State, 754 So.2d 881, 884 (Fla. 5th DCA 2000), stated that the first inquiry must be whether the defendant's conduct clearly violates the statute.
[A] statute like paragraph 893.13(1)(e) which does not purport to regulate constitutionally protected conduct can be struck down as being unconstitutionally vague only if the statutory language is so vague that it fails to give adequate notice of any conduct that the statute proscribes. Thus, when addressing the instant vagueness claim, the first question is whether the defendants engaged in conduct that is clearly proscribed by *1237 the statute. If so, the defendants cannot prevail on their claim of vagueness.
(citations omitted). Here, the statute prohibits illegal drug activity; it does not purport to regulate constitutionally protected conduct. Therefore, the statute must be not be analyzed in the abstract, but must be considered within the context of the facts of this particular case. See Travis v. State, 700 So.2d 104 (Fla. 1st DCA 1997), review denied, 707 So.2d 1128 (Fla.1998). Hobby concedes that he sold drugs within 1,000 feet of the Haines City Church of God, an established church at which regular religious services were conducted. Consequently, Hobby's conduct fell squarely within the prohibitions of the statute. He cannot successfully challenge the statute for vagueness as applied to the hypothetical conduct of others. See Jean v. State, 24 Fla. L. Weekly D1392, ___ So.2d ___, 1999 WL 393477 (Fla. 4th DCA June 16, 1999) (rejecting vagueness claim where the defendant's conduct fell within the conduct proscribed by the plain meaning of section 893.13(1)(e)).
Hobby also argues that the statute violates substantive due process principles because it impinges on constitutionally protected conduct, the practice of religion, without furthering a compelling governmental interest. This argument has no merit. Religious freedom is not impacted in this case. The statute only impinges on the act of selling drugs in proximity to a church, which is not constitutionally protected conduct.
The State, under its police power, has the sovereign right to enact laws which "may be reasonably construed as expedient for protection of the public health, safety, welfare, or morals." State v. Saiez, 489 So.2d 1125, 1127 (Fla.1986). When a statute does not impinge on a constitutionally protected right, it must be reviewed in light of the rational basis standard. See Shapiro v. State, 696 So.2d 1321 (Fla. 4th DCA 1997). The rational basis test requires the legislature to have a legitimate purpose for enacting the statute and to select means which have a reasonable and substantial relation to its purpose which are not unreasonable, arbitrary, or capricious. See Saiez, 489 So.2d at 1128. We agree with the Fifth District in Rice, that the statute has the legitimate goal of deterring criminal drug activity in areas where the public, especially children and the elderly, congregate and that its enhanced punishment provisions[1] constitute reasonable and substantial means to promote that goal. Id. at 884.
Hobby claims that the statute violates the equal protection clauses of the state and federal constitutions because the statute unlawfully creates a classification, i.e., drug dealers who sell drugs near places of worship, which is arbitrary and capricious. However, equal protection principles allow states to create classifications which are reasonably related to a legitimate state interest. A classification which is reasonably related to the subject and purpose of the regulation will be upheld even if another classification or no classification might appear more reasonable. See State v. Leicht, 402 So.2d 1153 (Fla.1981). A classification is constitutionally permissible if it applies equally and *1238 uniformly to all persons within the class. Id. at 1155. Here, the classification is reasonably related to the purpose of the statute and applies equally to all persons who sell, manufacture, or deliver controlled substances within 1,000 feet of a place of worship. Therefore, it passes constitutional muster.
Hobby next argues that section 893.13(1)(e) violates the Establishment Clauses of the United States and Florida Constitutions. See U.S. Const. amend. I; Art. I, § 3, Fla. Const. In Lemon v. Kurtzman, 403 U.S. 602, 91 S.Ct. 2105, 29 L.Ed.2d 745 (1971), the Supreme Court determined that, to withstand a challenge under the Establishment Clause, a statute (1) must have a secular purpose, (2) must not advance or inhibit the practice of religion, and (3) must not foster excessive government entanglement with religion. Here, the statute does not interfere with or promote the practice of religion and has the legitimate secular purpose of deterring drug sales near places where citizens, "especially families and young people, have a tendency to gather." See Easley v. State, 755 So.2d 692 (Fla. 4th DCA 1999) (holding that section 893.13(1)(e) passes the three-part test enunciated in Lemon), review denied, 751 So.2d 1251 (Fla.2000). Thus, it does not violate the Establishment Clause.
For these reasons, we hold section 893.13(1)(e) to be constitutional and affirm Hobby's judgment and sentence.
Affirmed.
CAMPBELL, A.C.J., and DAVIS, J., Concur.
NOTES
[1] Under section 893.13(1)(e), Florida Statutes (1997), the degree of the offense is elevated one degree because of the location of the drug transaction. The enhancement portion of section 893.13(1)(e), states the following:

Any person who violates this paragraph with respect to:
1. A controlled substance named or described in s. 893.03(1)(a), (1)(b), (1)(d), (2)(a), or (2)(b) commits a felony of the first degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
2. A controlled substance named or described in s. 893.03(1)(c), (2)(c), (3), or (4) commits a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
3. Any other controlled substance, except as lawfully sold, manufactured, or delivered, must be sentenced to pay a $500 fine and to serve 100 hours of public service in addition to any other penalty prescribed by law.