765 So.2d 807 (2000)
STATE of Florida, Appellant/Cross-Appellee,
v.
Diane McCLELLAN, Appellee/Cross-Appellant.
No. 1D99-3051.
District Court of Appeal of Florida, First District.
August 7, 2000.
*808 Robert A. Butterworth, Attorney General; Giselle Lylen Rivera, Assistant Attorney General; James W. Rogers, Chief Criminal Appeals, Office of the Attorney General, Tallahassee, for Appellant/Cross-Appellee.
Thomas F. Nordlie, Esquire, of Charles Daniel Sikes, P.A., Starke, for Appellee/Cross-Appellant.
PER CURIAM.
The State appeals the trial court's order dismissing Count I of the information charging Diane McClellan with violation of § 893.13(1)(e), Florida Statutes (1997) (sale of a controlled substance within 1,000 feet of a physical place of worship) on the grounds that the statute is unconstitutional on due process and equal protection grounds. The Second and Fifth Districts recently addressed this issue and found the statute constitutional on these grounds. See Hobby v. State, 761 So.2d 1234 (Fla. 2d DCA 2000); Rice v. State, 754 So.2d 881, 884-85 (Fla. 5th DCA 2000). We agree with their analyses and reverse the trial court's order. We remand with directions that the trial court reinstate the information.
Ms. McClellan cross-appeals the portion of the trial court's order finding that the statute is not unconstitutionally vague. We affirm the trial court's ruling in this regard. See Hobby v. State, 761 So.2d 1234; Rice v. State, 754 So.2d at 881 (Fla. 5th DCA 2000); Jean v. State, 764 So.2d 605 (Fla. 4th DCA 1999); Easley v. State, 755 So.2d 692 (Fla. 4th DCA 1999).
Affirmed in part, reversed in part, and remanded for further proceedings.
BOOTH and BENTON, JJ., and SHIVERS, DOUGLASS B., Senior Judge, CONCUR.