ORFINGER, R.B., J.
Mathew Dickerson (Dickerson), challenges the constitutionality of sections 893.13(l)(e) and 812.171, Florida Statutes (1999), which enhance the penalties imposed on defendants convicted of selling, manufacturing, delivering or possessing a controlled substance within 1,000 feet of a convenience business. Dickerson claims that the statutes are void for vagueness. We find the statutes to be constitutional and affirm Dickerson’s judgment and sentence.
The relevant portion of section 893.13(l)(e), Florida Statutes (1999), provides:
Except as authorized by this chapter, it is unlawful for any person to sell, manufacture, or deliver, or possess with intent to sell, manufacture, or deliver, a controlled substance not authorized by law in, on, or within 1,000 feet of a physical place for worship at which a church or religious organization regularly conducts religious services or within 1,000 feet of a convenience business as defined in s. 812.171.
*1146 (emphasis added). Section 812.171, Florida Statutes (1999), defines a “convenience business” thusly:
As used in this act, the term “convenience business” means any place of business that is primarily engaged in the retail sale of groceries, or both groceries and gasoline, and that is open for business at any time between the hours of 11 p.m. and 5 a.m. The term “convenience business” does not include:
(1) A business that is solely or primarily a restaurant.
(2) A business that always has at least five employees on the premises after 11 p.m. and before 5 a.m.
(3) A business that has at least 10,000 square feet of retail floor space.
The term “convenience business” does not include any business in which the owner or members of his or her family work between the hours of 11 p.m. and 5 a.m.
The circuit court denied Dickerson’s motion to dismiss, concluding that the statute places a reasonable person on notice of what constitutes “convenience business.” Dickerson then entered a negotiated plea of no contest and reserved his right to appeal the denial of the motion to dismiss.
In challenging the constitutionality of section 893.13(l)(e), Florida Statutes (1999), Dickerson argues that the trial court should have found the statute to be unconstitutional because the language of the statute is vague in its creation of a 1000-foot drug-free zone around convenience businesses. Specifically, Dickerson contends that the term “convenience business,” as defined in section 812.171, fails to adequately advise the public of which businesses fall within the statutory definition of a “convenience business.” Rather, Dickerson argues that under the statute only the business owner knows whether or not it is a “convenience business.” Finally, Dickerson argues that the State failed to plead and prove that the “Speedway Store” in the instant case is a “convenience business” under section 812.171.
A trial court decision regarding the constitutionality of a statute is reviewed de novo because it presents a pure question of law. Dep’t of Ins. v. Keys Title & Abstract Co., 741 So.2d 599, 601 (Fla. 1st DCA 1999), rev. denied, 770 So.2d 158 (Fla.2000). There is a strong presumption that statutes are constitutionally valid. In re Estate of Caldwell, 247 So.2d 1, 3 (Fla.1971); Libertarian Party of Florida v. Smith, 660 So.2d 807, 807 (Fla. 1st DCA 1995). Therefore, we are obligated to interpret statutes in such a manner as to uphold their constitutionality if it is reasonably possible to do so. Capital City Country Club v. Tucker, 613 So.2d 448, 452 (Fla.1993).
When interpreting a statute on constitutional grounds, we first look at the language of the statute itself. See State v. Dugan, 685 So.2d 1210, 1212 (Fla.1996); Miele v. Prudential-Bache Sec., Inc., 656 So.2d 470, 472 (Fla.1995). Since statutes are presumed to be constitutional and all reasonable doubts regarding the validity of a statute are to be resolved in favor of constitutionality, “a defendant who challenges the constitutional validity of a statute bears a heavy burden of establishing its invalidity.” Wright v. State, 739 So.2d 1230, 1231 (Fla. 1st DCA 1999); see Crump v. State, 746 So.2d 558 (Fla. 1st DCA 1999) (concluding that defendant failed to satisfy his burden of demonstrating that the statutory language was unconstitutionally vague); Frear v. State, 700 So.2d 465 (Fla. 1st DCA 1997) (stating that criminal statutes are presumed to be constitutional, and burden rests on defendant to establish the contrary).
A challenge to a statute on grounds of vagueness turns initially to the *1147 nature of the behavior the statute seeks to regulate. Rice v. State, 754 So.2d 881, 884 (Fla. 5th DCA 2000). Since section 893.13(l)(e) does not regulate constitutionally protected conduct, it could only be found to be unconstitutionally vague if the statutory language is so vague that it fails to give adequate notice of any conduct that the statute proscribes. Id. (citing Travis v. State, 700 So.2d 104, 106 (Fla. 1st DCA 1997), rev. denied, 707 So.2d 1128 (Fla.1998)). The traditional rule is that “a person to whom a statute may constitutionally be applied may not challenge that statute on the ground that it may conceivably be applied unconstitutionally to others in situations not before the Court.” Sieniarecki v. State, 756 So.2d 68, 74-75 (Fla.2000) (citations omitted). Thus, the instant vagueness claim must first be examined in light of the facts at hand. State v. Barnes, 686 So.2d 633, 637 (Fla. 2d DCA 1996), rev. denied, 695 So.2d 698 (Fla.), cert. denied, 522 U.S. 903, 118 S.Ct. 257, 139 L.Ed.2d 184 (1997). “If the record demonstrates that the [defendant] engaged in some conduct clearly proscribed by the plain and ordinary meaning of the statute, then he cannot successfully challenge it for vagueness nor complain of its vagueness as applied to the hypothetical conduct of others.” Id. As such, this court must “examine the [defendant’s] conduct before analyzing other hypothetical applications of the law.” Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. 489, 495, 102 S.Ct. 1186, 71 L.Ed.2d 362 (1982).
Dickerson, has not demonstrated or alleged that the statute, as applied to him, is unconstitutional. Rather, his argument below and on appeal is that the statute fails to advise “any member of the public,” other than the store owner, whether or not the location is a “convenience business.” This argument is unavailable to Dickerson unless he first demonstrates that the statute is unconstitutional as applied to the facts of his case. Dickerson has not shown that his conduct did not fall within the application of section 893.13(l)(e) and cannot challenge the statute for vagueness with respect to the hypothetical conduct of others. See Flipside, Hoffman Estates, 455 U.S. at 504, 102 S.Ct. 1186 (“Although it is possible that specific future applications ... may engender concrete problems of constitutional dimension, it will be time enough to consider any such problems when they arise.”) (quoting Joseph E. Seagram & Sons, Inc. v. Hostetter, 384 U.S. 35, 52, 86 S.Ct. 1254, 16 L.Ed.2d 336 (1966)); Barnes, 686 So.2d at 638 (“[T]he fact that the statute may possibly not give sufficient guidance to arresting officers with respect to the hypothetical conduct of other fleeing defendants should be dealt with in the context of those' factual settings, if and when they arise.”); State v. Burch, 545 So.2d 279, 283 (Fla. 4th DCA 1989), approved, 558 So.2d 1 (Fla.1990) (stating that a person to whom a statute may constitutionally be applied may not challenge that statute on the grounds that it may conceivably be applied unconstitutionally to others in situations not before the court).
A vague statute is one that fails to give a person of common intelligence fair and adequate notice of what conduct is prohibited and which, because of its imprecision, may also invite arbitrary and discriminatory enforcement. Brown v. State, 629 So.2d 841, 842 (Fla.1994); S.E. Fisheries Assoc. v. Dep’t of Natural Res., 453 So.2d 1351, 1353 (Fla.1984). A statute is not void for vagueness if the language “conveys sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices.” Brown, 629 So.2d at 842 (citations omitted). Dickerson suggests that section 812.171 is vague because it inadequately informs the public which busi *1148 nesses fall within the statutory definition of a “convenience business,” such that the public would be on notice that certain drug offenses committed within 1000 feet of a “convenience business” would be enhanced.
There is no protected right to sell narcotics anywhere. See Burch, 545 So.2d at 281. While the provisions of criminal statutes, such as sections 893.13 and 812.171, “must be strictly construed according to their letter,” see Perkins v. State, 576 So.2d 1310, 1312 (Fla.1991); McFadden v. State, 732 So.2d 335, 337 (Fla. 1st DCA 1998), approved, 737 So.2d 1073 (Fla.1999), a statute need not be crafted with mathematic precision. “A penal statute must be written in language sufficiently definite, when measured by common understanding and practice, to apprise ordinary persons of common intelligence of what conduct will render them liable to be prosecuted for its violation.” Gluesenkamp v. State, 391 So.2d 192, 198 (Fla.1980), cert. denied, 454 U.S. 818, 102 S.Ct. 98, 70 L.Ed.2d 88 (1981) (citations omitted).
Here, section 893.13(l)(e) defines a “convenience business” by referencing section 812.171, which clearly defines the term “convenience business” and is not susceptible to more than one meaning. See Cabal v. State, 678 So.2d 315, 318 (Fla.1996); Register v. State, 715 So.2d 274, 278 (Fla. 1st DCA 1998). Thus, it is not unconstitutionally vague. See generally Glover v. State, 771 So.2d 1226, 1227 (Fla. 2d DCA 2000) (Altenbernd, J., concurring) (“[A] carefully defined category of convenience stores may rationally be protected by a perimeter that reclassifies a drug offense because their parking lots, telephones, and flow of night-time customers have become favorite sites for the sale of drugs.”). The fact that Dickerson or the “public” is unaware that they are conducting a drug transaction within a 1000 feet of a “convenience business” as defined under section 812.171, does not render the statute void for vagueness. See Burch, 545 So.2d at 281 (finding that the state does not have to prove that the defendants knew they were within one thousand feet of a school in order to come under the statute).
Finding no merit to the constitutional issues raised, we affirm.
JUDGMENT AND SENTENCE AFFIRMED.
COBB and GRIFFIN, JJ., concur.