700 So.2d 104 (1997)
Kemrick TRAVIS, Appellant,
v.
STATE of Florida, Appellee.
No. 96-2925.
District Court of Appeal of Florida, First District.
October 7, 1997.
*105 Nancy A. Daniels, Public Defender; David P. Gauldin, Assistant Public Defender, Tallahassee, for Appellant.
Robert Butterworth, Attorney General; Daniel A. David, Assistant Attorney General, Office of the Attorney General, Tallahassee, for Appellee.
PADOVANO, Judge.
In this appeal the defendant challenges the constitutionality of section 316.1935(2), Florida Statutes, which provides an enhanced penalty for the offense of fleeing and eluding a law enforcement officer. By the terms of the statute, fleeing and eluding an officer is a third-degree felony if the offender causes the officer to engage in a "high-speed vehicle pursuit." We conclude that section 316.1935(2), Florida Statutes, gives fair notice of the conduct that is proscribed and therefore we hold that the statute is constitutional on its face.
At 4:00 a.m. on March 15, 1996, a Pensacola police officer spotted the defendant, Kemrick Travis, driving the wrong way down a one-way street with his car headlights off. The officer attempted to stop the defendant by parking his cruiser in the middle of the roadway with his emergency flashers and siren on, but the defendant maneuvered around the cruiser by driving onto the sidewalk and continuing the wrong way down the street. The officer pursued the defendant down several streets and reached speeds of up to ninety miles per hour, but the defendant refused to yield until he wrecked his car in the yard of a residence. He then fled the vehicle on foot, and the officer chased and eventually caught him.
Based on these facts, the state charged the defendant with aggravated fleeing and eluding, resisting arrest without violence, and driving with a suspended license. The defendant moved to dismiss the fleeing and eluding charge, asserting a constitutional challenge to the underlying statute, and when the trial court denied the motion, the defendant entered a plea of nolo contendere, preserving his right to appeal. The court accepted the plea and sentenced the defendant to twenty-four months in the Department of Corrections with a special condition that he obtain a valid driver's license within sixty days of his release.
Several issues have been presented on appeal but only one merits discussion. The defendant contends here, as he did in the trial court, that the statute is unconstitutionally vague on its face because it does not provide adequate notice of the conduct that amounts to high-speed pursuit. The Second District Court of Appeal rejected this argument in State v. Barnes, 686 So.2d 633 (Fla. 2d DCA 1996). We agree with the decision in Barnes and adopt the constitutional analysis set out in the opinion in that case. Here we address a more specific point regarding the method of evaluating a challenge to the validity of a statute.
Contrary to the defendant's argument, the court may properly consider the facts of the case in determining the facial validity of the statute. It is true that a claim of vagueness must be evaluated by an examination of the statute in the abstract if the statute is one that purports to regulate constitutionally protected activity such as speech or assembly. United States v. Robel, 389 U.S. 258, 88 S.Ct. 419, 19 L.Ed.2d 508 (1967); Keyishian v. Board of Regents, 385 U.S. 589, 87 S.Ct. 675, 17 L.Ed.2d 629 (1967). A different standard applies, however, in resolving a challenge to the validity of a statute like section 316.1935(2), which does not purport to regulate any constitutionally protected activity. A statute such as this is unconstitutional on its face only if it is so vague that it fails to give adequate notice of any conduct that it proscribes. See, e.g., Brown v. State, 629 So.2d 841 (Fla.1994).
The procedure for evaluating the facial validity of a statute such as section 316.1935(2) is outlined in Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. 489, 102 S.Ct. 1186, 71 L.Ed.2d 362 (1982). As the Court explained, if a defendant brings a facial challenge to a statute based on vagueness, and if the statute in *106 question does not implicate constitutionally protected conduct, the court must determine whether the enactment is impermissibly vague in all of its applications. The court must not entertain countless hypothetical situations in which the statute might be considered vague, but rather the court must begin by applying the enactment to the facts of the case at hand. Hoffman Estates, 455 U.S. at 495, 102 S.Ct. at 1191. If the statute is not vague when considered under those facts, then by definition it cannot be vague in all of its applications. See United States v. Powell, 423 U.S. 87, 96 S.Ct. 316, 46 L.Ed.2d 228 (1975); Chapman v. United States, 500 U.S. 453, 111 S.Ct. 1919, 114 L.Ed.2d 524 (1991).
This procedure eliminates the possibility the court will make an unnecessary declaration that a statute is invalid. If a statute clearly prohibits the conduct of the defendant in the case at hand, the court need not determine whether the statute clearly prohibits all conduct that might be within its scope. As the Supreme Court explained much earlier in United States v. National Dairy Products Corporation, 372 U.S. 29, 83 S.Ct. 594, 9 L.Ed.2d 561 (1963), statutes should not be declared facially invalid "simply because difficulty is found in determining whether certain marginal offenses fall within their language." 372 U.S. at 32, 83 S.Ct. at 597.
We have no difficulty in concluding that section 316.1935(2) fairly proscribes the conduct attributed to the defendant in the present case. Because the statute gives adequate notice that conduct such as this is unlawful, it is not vague in all its applications, and therefore it is not unconstitutionally vague on its face. We have measured the statute against the facts of the case, but, contrary to the defendant's argument on appeal, this is not an improper "as-applied" analysis.
To apply the procedure in Hoffman Estates correctly we must necessarily consider the facts of the case at hand. Some courts have characterized this procedure as a determination whether the statute is constitutional as applied. See, United States v. Cherry, 938 F.2d 748 (7th Cir.1991); United States v. Dischner, 974 F.2d 1502 (9th Cir.1991); United States v. Meraz-Valeta, 26 F.3d 992 (10th Cir.1994). These decisions implicitly recognize that the constitutional analysis is the same in this regard whether a statute is initially challenged on the ground that it is vague or whether a facially valid statute is challenged on the ground that it cannot be constitutionally applied to the defendant. In either case, the court must consider the facts.
Nevertheless, there is an important distinction between a challenge to the facial validity of a statute and a challenge to a statute as it applies to a given set of facts. When a defendant brings a vagueness challenge to a statute not implicating other constitutional rights, the court must use the facts as a starting point in the determination whether the statute is valid on its face. If the court agrees that the statute is void for vagueness, the statute cannot be applied in any case regardless of the facts. In contrast, when a defendant asserts a challenge to a statute as applied, the court must consider the facts to determine whether the statute can be fairly used to proscribe that defendant's conduct, and the result is not binding on other parties.
We agree with the Second District Court of Appeal in Barnes that section 316.1935(2) is not unconstitutionally vague on its face. Our conclusion does not eliminate the possibility of a future challenge to the statute as it applies to a particular set of facts. In a "marginal case" a defendant can still assert a claim that the statute, though facially valid, does not clearly prohibit the conduct in question.
Affirmed.
WEBSTER and MICKLE, JJ., concur.