965 So.2d 834 (2007)
STATE of Florida, Appellant,
v.
Jamie WELLS, Appellee.
No. 4D06-3425.
District Court of Appeal of Florida, Fourth District.
September 12, 2007.
*836 Bill McCollum, Attorney General, Tallahassee, and Monique E. L'Italien, Assistant Attorney General, West Palm Beach, for appellant.
James S. Benjamin and Peter T. Patanzo of Benjamin & Aaronson, P.A., Fort Lauderdale, for appellee.
PER CURIAM.
Jamie Wells was charged with racing on highway under Florida Statutes section 316.191 (2005) and filed a motion to dismiss challenging the constitutionality of the statute. The trial court granted the motion and found section 316.191 unconstitutional on both vagueness and over-breadth grounds. The State appeals the trial court's ruling. We affirm in part and reverse in part.
Wells was involved in an incident described in a Complaint Affidavit. A law enforcement officer reported witnessing Wells driving his 2000 Chevrolet Corvette at a high rate of speed. Another vehicle was following behind Wells's vehicle at a high rate of speed. The vehicles were not driving side by side. The vehicles were traveling at a maximum speed of 130 m.p.h. in a 65 m.p.h. zone and weaving through traffic. The vehicles eventually slowed, pulled side by side, and accelerated back to 90 m.p.h. The law enforcement officer stopped Wells's vehicle and arrested him for reckless driving and racing on highway.
Wells was subsequently charged with reckless driving and racing on highway. The racing on highway count read as follows:
Michael J. Satz, State Attorney of the Seventeenth Judicial Circuit of Florida, as Prosecuting Attorney for the State of Florida in the County of Broward, by and through his undersigned Assistant State Attorney, charges Jamie Wells on the 6th day of October, A.D. 2005, in the County and State aforesaid, did unlawfully drive a vehicle in a race, speed competition or contest, drag race or acceleration contest, test of physical endurance, exhibition of speed or acceleration, or for the purpose of making a speed record on a highway, roadway, or parking lot, or did participate in, coordinate, facilitate, or collect moneys at any location for any such race, ride as a passenger in, or purposely cause the movement of traffic to slow or stop for, any such race, competition, contest, test, or exhibition, to-wit: the defendant was driving at a high rate of speed side by side with another vehicle, contrary to F.S. 316.191(2)(a).
Wells filed a Motion to Dismiss and to Declare Fla. Stat. 316.191 Unconstitutional. In the motion, Wells contended that the racing on highway charge should be dismissed because section 316.191 was unconstitutional on three bases. First, Wells asserted that section 316.191 was void for vagueness, specifically alleging that the term "race" was constitutionally infirm based on its definition which included the vague terms "outgain and outdistance" that could encompass entirely lawful conduct. Second, Wells contended that section 316.191 was overbroad for encompassing constitutionally-protected conduct. Third, Wells claimed that the vagueness *837 and overbreadth of section 316.191 would result in arbitrary and capricious enforcement.
The trial court held a hearing on Wells's motion to dismiss. Defense counsel contended that section 316.191 was unconstitutional as applied to Wells based on vagueness and overbreadth. The trial court agreed with Wells's argument and stated: "All right. You guys can get together later and have a coffee, but right now I agree with you. I think it's overbroad, vague, and ambiguous; and, as written, anybody that accelerates from a light or to change lanes or to pass somebody could be violating the statute."
Following the hearing, the trial court entered an order granting Wells's motion to dismiss on grounds of the unconstitutionality of section 316.191. The trial court wrote:
On Thursday July 27, 2006, this Court heard argument from both the Defendant and the State of Florida regarding this Defense Motion to Dismiss and Declare Fla. Stat. § 316.191 unconstitutional. After hearing said motion and considering arguments from both sides this Court does find that the defendant does have standing to raise these challenges as Fla. Stat. § 316.191 is being applied to him; that, Fla. Stat. § 316.191 on its face and as applied is unconstitutionally vague and does not give a reasonable person of ordinary intelligence fair notice of what constitutes forbidden conduct. Additionally, after hearing legal argument from both the State and the Defendant this Court finds that, Fla. Stat. § 316.191 is unconstitutionally overbroad and criminalizes otherwise innocent behavior that is constitutionally protected. This Court finds that this overbroad infirmity leads to arbitrary and capricious results in its application and enforcement by law enforcement. Therefore this Court finds Fla. Stat. § 316.191 unconstitutional facially and as applied to the defendant. Therefore, Count II of the Information is hereby dismissed.
The State appeals this order.
"`A trial court decision on the constitutionality of a statute is reviewed by the de novo standard, because it presents a pure issue of law. The appellate court is not required to defer to the judgment of the trial court.'" Lowe v. Broward County, 766 So.2d 1199, 1203 (Fla. 4th DCA 2000); see also Marshall v. State, 915 So.2d 264, 267 (Fla. 4th DCA 2005)(same).
"If it is reasonably possible to do so, a court is obligated to interpret statutes in such a manner as to uphold their constitutionality." Michelson v. State, 927 So.2d 890, 892 (Fla. 4th DCA 2005); see also Dep't of Legal Affairs v. Rogers, 329 So.2d 257, 263 (Fla. 1976)("[A]ll doubts as to the validity of a statute [should] be resolved in favor of its constitutionality."). This is the case even when an appellate court is asked to review a trial court's ruling regarding the constitutionality of a statute. See In re Estate of Caldwell, 247 So.2d 1, 3 (Fla. 1971)("When an appellate court has occasion to pass upon the validity of a statute after a trial court has found it to be unconstitutional, the statute is favored with a presumption of constitutionality."). Furthermore, "an act will not be declared unconstitutional unless it is determined to be invalid beyond a reasonable doubt." Burch v. State, 558 So.2d 1, 3 (Fla. 1990); see also Spanish River Resort Corp. v. Walker, 497 So.2d 1299, 1305 (Fla. 4th DCA 1986)(same).
Keeping in mind these principles, we conclude that the trial court properly found section 316.191 to be unconstitutional both facially and as applied on vagueness grounds, but that the trial court erred *838 by finding section 316.191 unconstitutional on overbreadth grounds.
Florida Statutes section 316.191 provides:
(1) As used in this section, the term:
(a) "Conviction" means a determination of guilt that is the result of a plea or trial, regardless of whether adjudication is withheld.
(b) "Drag race" means the operation of two or more motor vehicles from a point side by side at accelerating speeds in a competitive attempt to outdistance each other, or the operation of one or more motor vehicles over a common selected course, from the same point to the same point, for the purpose of comparing the relative speeds or power of acceleration of such motor vehicle or motor vehicles within a certain distance or time limit.
(c) "Racing" means the use of one or more motor vehicles in an attempt to outgain or outdistance another motor vehicle, to prevent another motor vehicle from passing, to arrive at a given destination ahead of another motor vehicle or motor vehicles, or to test the physical stamina or endurance of drivers over long-distance driving routes.
(2)(a) A person may not:
1. Drive any motor vehicle, including any motorcycle, in any race, speed competition or contest, drag race or acceleration contest, test of physical endurance, or exhibition of speed or acceleration or for the purpose of making a speed record on any highway, roadway, or parking lot;
2. In any manner participate in, coordinate, facilitate, or collect moneys at any location for any such race, competition, contest, test, or exhibition;
3. Knowingly ride as a passenger in any such race, competition, contest, test, or exhibition; or
4. Purposefully cause the movement of traffic to slow or stop for any such race, competition, contest, test, or exhibition.
Any person who violates any provision of this paragraph commits a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083. Any person who violates any provision of this paragraph shall pay a fine of not less than $500 and not more than $1,000, and the department shall revoke the driver license of a person so convicted for 1 year. A hearing may be requested pursuant to s. 322.271.
We first address the trial court's finding that section 316.191 was vague. "When construing a penal statute against an attack of vagueness, where there is doubt, the doubt should be resolved in favor of the citizen and against the state." State v. Wershow, 343 So.2d 605, 608 (Fla. 1977). Furthermore:
The requirements of due process of Article I, Section 9, Florida Constitution, and the Fifth and Fourteenth Amendments to the Constitution of the United States are not fulfilled unless the Legislature, in the promulgation of a penal statute, uses language sufficiently definite to apprise those to whom it applies what conduct on their part is prohibited. It is constitutionally impermissible for the Legislature to use such vague and broad language that a person of common intelligence must speculate about its meaning and be subjected to arrest and punishment if the guess is wrong.
Id. Overall, "[a] vague statute is one that fails to give adequate notice of what conduct is prohibited and which because of its imprecision, may also invite arbitrary and discriminatory enforcement." Habie v. Krischer, 642 So.2d 138, 140 (Fla. 4th DCA 1994); see also Se. Fisheries Ass'n, Inc. v. Dep't of Natural Res., 453 So.2d 1351, 1353 (Fla. 1984)(same).
*839 We conclude that the trial court did not err by finding section 316.191 vague and declaring it unconstitutional both facially and as applied to Wells's case. By defining the term "racing" in part as the "use of one or more motor vehicles in an attempt to outgain or outdistance another motor vehicle," the Legislature rendered the statute vague because the "outgain and outdistance" term could encompass passing, accelerating from a stop, and countless other legal maneuvers (and illegal and otherwise proscribed maneuvers, such as speeding) which drivers employ in their daily lives. Section 316.191, by failing to include an element of competition in its out-of-the-ordinary definition of "race," encompasses an endless range of otherwise legal conduct (primarily based on the "outgain and outdistance" term), including passing and accelerating from a stop (as suggested by the trial court), so as to make the scope of proscribed conduct vague and the statute facially unconstitutional. See City of Madison v. Geier, 27 Wis.2d 687, 135 N.W.2d 761, 764 (1965)("The dominant characteristic of a race is the awareness or intent of competition in respect to speed and distance to prove superiority in performance in some respect. Normally, to constitute a race there must be an acceptance or competitive response to the awareness of the challenge; such response may be the result of prearrangement or it may come into existence on the spur of the moment. There need be no prior formal or express agreement. In respect to automobiles the element of competition resulting from some understanding involving a challenge and a response may often reasonably be inferred from the speeds and the relative positions of the cars."). Furthermore, the trial court appropriately found that the statute was vague both facially and as applied because Wells's alleged conduct was not clearly proscribed by the statute, as it is unclear whether he was attempting to "outgain or outdistance" the other driver (or undertake any other conduct indicative of racing as defined) or simply speeding.
We next address the trial court's finding that section 316.191 was overbroad. The State is correct that overbreadth challenges are typically limited to statutes infringing on First Amendment rights (unlike section 316.191), see Se. Fisheries, 453 So.2d at 1353, but the overbreadth doctrine also has occasionally been applied to statutes infringing on other fundamental rights, including the right to travel, see Sabri v. United States, 541 U.S. 600, 609-610, 124 S.Ct. 1941, 158 L.Ed.2d 891 (2004). However, courts have held that the right to travel does not encompass a fundamental right to drive, see Miller v. Reed, 176 F.3d 1202, 1205-1206 (9th Cir. 1999), and that driving is a privilege rather than a right, see State, Dep't of Highway Safety & Motor Vehicles v. Degrossi, 680 So.2d 1093, 1094 (Fla. 3d DCA 1996). As such, the State's contention that the trial court erred by declaring section 316.191 unconstitutional on overbreadth grounds is well-taken because overbreadth is not implicated where a statute does not affect a fundamental constitutional right. Consequently, although the trial court properly found section 316.191 to be facially and appliedly unconstitutional as void for vagueness, this case should also be reversed and remanded in part for the trial court to strike the overbreadth findings (and the related arbitrary and capricious enforcement findings) from its order where it erred by finding section 316.191 unconstitutional as overbroad.
In sum, because the trial court did not err by finding section 316.191 unconstitutional both facially and as applied on vagueness grounds, the trial court did not err by granting Wells's motion to dismiss the racing on highway count with which he *840 was charged. However, the trial court erred by finding section 316.191 unconstitutional on overbreadth grounds. As such, this case is affirmed as to vagueness and reversed and remanded as to overbreadth for the trial court to remove the overbreadth findings from its otherwise proper order finding section 316.191 unconstitutional both facially and as applied and dismissing the racing on highway charge against Wells.
Affirmed in Part; Reversed and Remanded in Part.
GUNTHER, WARNER and GROSS, JJ., concur.