979 So.2d 1066 (2008)
Daniel Allen REAVES, Appellant,
v.
STATE of Florida, Appellee.
No. 1D07-1205.
District Court of Appeal of Florida, First District.
March 31, 2008.
*1068 Nancy A. Daniels, Public Defender, and Glen P. Gifford, Assistant Public Defender, Tallahassee, for Appellant.
Bill McCollum, Attorney General, and Joshua R. Heller, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
This is an appeal from Appellant's convictions for racing on a highway, in violation of section 316.191(2)(a), Florida Statutes (2005), and vehicular homicide, in violation of section 782.071(1), Florida Statutes (2005). The convictions were entered below based upon Appellant's guilty plea. Appellant now argues the trial court abused its discretion by denying his motion to withdraw his guilty plea to vehicular homicide. He claims this charge lacked a factual basis on the element of causation. Also, Appellant contends section 316.191 is facially unconstitutional as void for vagueness. We find Appellant's arguments unpersuasive and affirm his convictions.

I
Appellant was involved in an incident described in a probable cause affidavit. According to the affidavit, on May 29, 2005 at approximately 12:50 a.m., Appellant and Benjamin Street began to drag race at a high rate of speed. Street had a passenger in his vehicle, Brandy Byer. When Street attempted to pass Appellant in a "no passing zone," Appellant increased his speed, causing the two cars to come side by side as they approached a median. Immediately before the median, Street increased his speed in an attempt to cut in front of Appellant's vehicle. However, Street's car struck the median and spun out of control, striking two trees in quick succession before flipping through the air. The impact with the second tree was on the passenger side, where Byer was riding, and she died as a result of the crash. Appellant, realizing the accident had occurred, immediately left the scene.
Appellant was subsequently charged by information with one count of racing on a highway, and one count of vehicular homicide and leaving the scene of an accident. *1069 He pled guilty to racing and vehicular homicide, without the aggravating factor of leaving the scene. The trial court found the plea supported by an adequate factual basis.
Appellant then moved to withdraw his plea to the vehicular homicide charge, claiming Street alone was the proximate cause of Byer's death as he recklessly drove the vehicle in which she was a passenger. Appellant concluded that without causation, there was an insufficient factual basis for his plea and it should be set aside.
Following a hearing, the trial court denied Appellant's motion, emphasizing that Appellant had admitted to participating in the unlawful race, Byer was not a direct participant in the race, and past caselaw held all drivers in an unlawful race responsible for the deaths of innocent bystanders. Appellant was sentenced as a youthful offender to four years imprisonment, followed by two years of probation, for the vehicular homicide charge, and time served on the racing charge. This appeal followed.

II
Appellant argues the trial court should have granted his motion to withdraw his guilty plea to vehicular homicide as the charge was not supported by the element of causation. Appellant claims he was not the cause of Byer's death, proposing two alternate theories of causation. First, Appellant implies that since Byer was a voluntary participant in the race, she was in effect the cause of her own death. Second, Appellant claims that Street alone should be found the cause because he refused to slow down and merge as his car approached the median. These claims are unpersuasive.
Appellate courts review a trial court's denial of a motion to withdraw a guilty plea under an abuse of discretion standard. See Wright v. State, 961 So.2d 1036, 1040 (Fla. 4th DCA 2007); Cabrera v. State, 915 So.2d 727, 728 (Fla. 5th DCA 2005). Upon a showing of good cause, a trial court may permit a guilty plea to be withdrawn before sentencing. See Fla. R.Crim. P. 3.170(f). Since it is fundamental error to accept a plea that is not factually supported, a good cause for withdrawal is insufficient factual support. See Fla. R.Crim. P. 3.170(k)(1) (2007); Allen v. State, 876 So.2d 737, 739-740 (Fla. 1st DCA 2004).
Vehicular homicide "is the killing of a human being . . . caused by the operation of a motor vehicle by another in a reckless manner likely to cause the death of, or great bodily harm to, another." § 782.071, Fla. Stat. (2005). Proximate causation, or a causal connection between the defendant's reckless driving and the victim's death, is an essential element of vehicular homicide. See Armenia v. State, 479 So.2d 260, 262 (Fla. 5th DCA 1985).
Turning to Appellant's claim that Byer effectively caused her own death, we have found that a "decedent's conduct may only be asserted as a defense to vehicular homicide when that conduct could be viewed as the sole proximate cause of the accident which resulted in the death." Union v. State, 642 So.2d 91, 94 (Fla. 1st DCA 1994) (emphasis added); see also Michel v. State, 752 So.2d 6, 12 (Fla. 5th DCA 2000); Nunez v. State, 721 So.2d 346, 347 (Fla. 2nd DCA 1998). Cases where the decedent is held responsible involve circumstances where the deceased's conduct alone led to his or her death.
For instance, in J.A.C. v. State, 374 So.2d 606, 607 (Fla. 3rd DCA 1979), a passenger in a car being driven in a drag race was found to be the proximate cause of her own death. However, the accident *1070 resulting in the death occurred "only because the decedent, while attempting to operate the gear shift, instead grabbed the steering wheel and caused the vehicle to go out of control." Id. (emphasis added).
Similarly, in Velazquez v. State, 561 So.2d 347, 353 (Fla. 3rd DCA 1990), the decedent was found responsible after inexplicably driving his car through a guardrail following a drag race with the defendant. Since the decedent volitionally drove his car off the embankment after the race had ended, it was found "unjust to hold the defendant criminally responsible for the deceased's unexpected and near-suicidal conduct." Id.; see also Union, 642 So.2d at 94.[1]
Here, there is no evidence Byer attempted to grab the steering wheel or was in control of the car when it struck the median. Similarly, there is no evidence she played an active role in the race, or that she even acquiesced to Street's decision to participate in the race. However, there is evidence that Appellant was at least partially responsible for Byer's death as he refused to let Street's car merge as they approached the median. Since there is no evidence that Byer's conduct was the sole cause of the accident, she cannot be considered the proximate cause of her own death.
Similarly unpersuasive is Appellant's argument that Street was the sole cause of Byer's death. When a party creates a condition of peril by his wrongful conduct, his actions can be found the proximate cause of the resulting injury, even if later events combined to cause such injury, so long as the later acts reasonably followed in the natural sequence of events. See State v. Gensler, 929 So.2d 27, 31 (Fla. 3rd DCA 2006); M.C.J. v. State, 444 So.2d 1001, 1005 (Fla. 1st DCA 1984) (stating an intervening cause cannot be foreseeable).
Here, Street's refusal to slow his vehicle and merge as the cars approached the median does not excuse Appellant's liability in Byer's death. It was natural, and thus foreseeable, for Street to increase his speed and attempt to pass Appellant as they were engaged in a high speed race. Arguably, Appellant alone created the condition of peril by increasing his speed to match that of Street's car, instead of allowing Street to safely pass by. Regardless, since Street's actions were a foreseeable response to Appellant's conduct, both Appellant and Street may be held liable for Byer's death. See Jacobs v. State, 184 So.2d 711, 716 (Fla. 1st DCA 1966) (finding "[t]he deaths which proximately resulted from the activities of the three persons engaged in the unlawful activity of drag racing made each of the active participants equally guilty of the criminal act which caused the death of the innocent party").
Given the foregoing, the charge of vehicular homicide had adequate factual support and the trial court did not abuse its discretion by denying Appellant's motion to withdraw his guilty plea.

III
Regarding the facial validity of section 316.191, Appellant claims the statute should be found unconstitutionally vague *1071 pursuant to State v. Wells, 965 So.2d 834 (Fla. 4th DCA 2007). However, as discussed below, we find that the statute can be interpreted in such a way as to survive a facial constitutional challenge.
A statute cannot be declared unconstitutional unless it is determined to be invalid beyond a reasonable doubt. See Lakeland Reg'l Med. Ctr., Inc. v. State, Agency for Healthcare Admin., et al., 917 So.2d 1024, 1030 n. 1 (Fla. 1st DCA 2006). When reasonably possible and consistent with constitutional rights, all doubts concerning a statute should be resolved in favor of its validity. See State v. Brake, 796 So.2d 522, 527 (Fla.2001). However, any doubts raised in a vagueness challenge should be resolved in the citizen's favor and against the State. Id.
Applying these principles, we conclude that section 316.191 can survive a facial challenge, contrary to the Fourth District's finding in Wells. Section 316.191, Florida Statutes (2005), states, in pertinent part:
(1) As used in this section, the term:
(b) "Drag race" means the operation of two or more motor vehicles from a point side by side at accelerating speeds in a competitive attempt to outdistance each other, or the operation of one or more motor vehicles over a common selected course, from the same point to the same point, for the purpose of comparing the relative speeds or power of acceleration of such motor vehicle or motor vehicles within a certain distance or time limit.
(c) "Racing" means the use of one or more motor vehicles in an attempt to outgain or outdistance another motor vehicle, to prevent another motor vehicle from passing, to arrive at a given destination ahead of another motor vehicle or motor vehicles, or to test the physical stamina or endurance of drivers over long-distance driving routes.
(2)(a) A person may not:
1. Drive any motor vehicle, including any motorcycle in any race, speed competition or contest, drag race or acceleration contest, test of physical endurance, or exhibition of speed or acceleration or for the purpose of making a speed record on any highway, roadway, or parking lot.
Traditionally, when considering the facial validity of a statute, the standard to be applied is whether the statute's language is sufficiently definite to warn a person of common intelligence of the activity it proscribes. See Wilkerson v. State, 401 So.2d 1110, 1111 (Fla.1981). The statute's language must not lend itself to arbitrary enforcement at an officer's discretion. See Wyche v. State, 619 So.2d 231, 234 (Fla.1993). However, in cases such as this, when a defendant facially challenges a statute based on vagueness, and the statute does not implicate constitutionally protected conduct, the court must determine if the enactment is impermissibly vague in all its applications. See Travis v. State, 700 So.2d 104, 105-106 (Fla. 1st DCA 1997). In doing so, "the court must begin by applying the enactment to the facts of the case at hand." Id. at 106.
Here, section 316.191 fairly proscribes Appellant's conduct. According to the probable cause affidavit, Appellant engaged in a high speed drag race on a public road against another vehicle. The obvious purpose of Appellant's conduct was to outdistance the other car and be the first to arrive at a given destination. This conduct, combined with the fact that Appellant refused to let the other vehicle pass, is encompassed by the definition of "racing" and, more importantly, is expressly prohibited by section 316.191(2)(a)(1). Thus, the statute is facially valid.
This finding directly conflicts with the Fourth District's conclusion in Wells, *1072 where it determined section 316.191 to be unconstitutionally vague. See 965 So.2d at 834. The Fourth District found the statute's definition of "racing" as the "use of one or more vehicles in an attempt to outgain or outdistance another motor vehicle" included legal activities such as passing and accelerating from a stop. Id. at 839. It concluded that "[s]ection 316.191, by failing to include an element of competition in its out-of-the-ordinary definition of `race,' encompasse[d] an endless range of otherwise legal conduct . . . so as to make the scope of proscribed conduct vague and the statute facially unconstitutional." Id.
The Fourth District's finding that the definition of "racing" should have included an element of competition is unpersuasive. When engaging in statutory interpretation, "related statutory provisions must be read together to achieve a consistent whole." Woodham v. Blue Cross & Blue Shield, Inc., 829 So.2d 891, 898 (Fla. 2002); see also Heart of Adoptions, Inc. v. J.A., 963 So.2d 189, 199 (Fla.2007). Here, section 316.191(2)(a)(1) prohibits drivers from engaging in, among other things, "any race, speed competition or contest, [or] drag race or acceleration contest." (emphasis added). Moreover, the legislature defined "drag race" as when two vehicles engage "in a competitive attempt to outdistance each other." § 316.191(1)(b), Fla. Stat. (emphasis added). Reading these provisions together, the statute cannot be applied unless vehicles are "competing" with each other. Therefore, we decline to follow Wells and find section 316.191 facially constitutional.

IV
We affirm Appellant's convictions for racing on a highway and vehicular homicide. In so doing, we reject Appellant's claims that his motion to withdraw his guilty plea was improperly denied and that section 316.191 is facially unconstitutional. We certify conflict with Wells, to the extent that it found section 316.191 facially invalid as void for vagueness.
AFFIRMED.
WEBSTER, DAVIS, and HAWKES, JJ., concur.
NOTES
[1] To the extent Velazquez may be more broadly read as refusing to impose criminal liability on a defendant for the death of a co-participant in a drag race, it has been found unpersuasive. See State v. Farner, 66 S.W.3d 188, 200-201 (Tenn.2001) (stating "better-reasoned cases reject" such an approach and "uphold homicide convictions when the victim is a co-participant in a drag race."). The rationale that a defendant cannot be held liable when a victim voluntarily participates in the conduct causing his or her death has been criticized as "distort[ing] the meaning of legal cause." Wayne R. LaFave, Substantive Criminal Law § 6.4(h) (3d ed. 2003).